THE STATE OF MISSOURI *ex rel.* MARY McREE, Relator, *v.* C. MAGUIRE, COLLECTOR OF ST. LOUIS COUNTY, Respondent.

47  35<br>100  446

1. *Revenue, collection of—Act of March 18, 1870, constitutional.*—The act of March 18, 1870, touching the assessment and collection of revenue on real estate (Sess. Acts 1870, p. 114), is constitutional. (State *ex rel.* Maguire v. Draper, *ante*, p. 29, affirmed.)

### Petition for Mandamus.

*R. F. Wingate* and *C. Gibson,* for relator.

*H. A. Clover,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

This is a *mandamus* proceeding to compel the defendant, as collector of the revenue for St. Louis county, to receive certain moneys tendered to him in payment of certain taxes levied in the year 1860, and to issue the appropriate certificate of redemption as required by law. The petition is demurred to, and two questions are thereby presented for consideration: first, whether the act of March 18, 1870, entitled "an act in relation to the assessment and collection of revenue on real estate, and providing that taxes on real estate shall be a lien on the same, and for the sale and enforcement of such liens," is constitutional; and, secondly, if constitutional, whether it provides the relief contemplated by the relator's petition.

The first and main question was decided at the present term, in a suit by the State upon the relation of the present defendant against the State auditor (*ante,* p. 29), wherein the constitutionality of the act was affirmed; and the decision here must follow that adjudication. As to the second question, the statute (Sess. Acts 1870, p. 114, § 18) removes all reasonable doubt. It provides that "all lands or lots not sold for want of a bidder, but forfeited to the State, for any year prior to 1868, may be redeemed at any time within two years from the passage of that act, by paying to the collector of the county within which such

lands or lots may lie the amount of the taxes and costs on lands or lots forfeited, as aforesaid, for taxes of any year prior to 1863." The relator's petition brings the case within this enactment, and I think the peremptory writ should issue. The Legislature deemed it good policy to offer special inducements for the payment of these old taxes, and it was competent for the Legislature to declare the will of the State on that subject.

With the concurrence of the other judges, the peremptory writ is ordered.