THE STATE ex rel. BAUER, Collector, v. EDWARDS, Executor, Appellant.

### Division Two, May 21, 1901.

1. **Taxes:** SUITS THEREFOR: ACT OF 1895. The Act of 1895, concerning delinquent personal taxes, did not bar suits for taxes. They could be brought under that act at any time before January 1, 1896, just as they could under the old law. That act simply gave the taxpayer an opportunity to avoid the costs and penalties by tendering the amount of the original tax before suit was brought, provided this was done prior to January 1, 1896; and if suit were brought he could satisfy it by bringing into court the amount of the original taxes and necessary costs of suit and attorney's fee.

2. ————: AGAINST ADMINISTRATOR: SUIT IN CIRCUIT COURT. Suit for delinquent personal taxes due from the estate of a deceased person to a city may be brought in the circuit court.

3. ————: EVIDENCE: TAXBILLS. Taxbills certified by the city collector are prima facie evidence that the taxes therein charged are due. And if there is any formal defect in the certificate, that may be cured by producing the original assessments if they sustain the certificate.

Appeal from Cole Circuit Court.—*Hon. D. W. Shackleford* Judge.

AFFIRMED.

*Edwards & Edwards* for appellant.

(1) The petition stated no cause of action as the Legislature had by its solemn enactment extended the time for bringing suits on personal taxes until the thirty-first day of Decem-

ber, 1895, and this suit being commenced on the fifth day of November, 1895, was prematurely brought and plaintiff can not recover.    Laws 1895, pp. 243, 245.    Unless the matter sued for is due at the time suit is instituted, except in cases especially provided by statute, no right of action exists.    This is not one of the exceptions to the rule and, hence, no cause of action existed at the time this suit was instituted.    (2) In this case, the probate court alone had original jurisdiction over the allowance of this claim, it being shown that the said E. L. Edwards had departed this life prior to the commencement of this suit and the objection of the defendant to the admission of any testimony under the petition was well taken and should have been sustained, under the constitutional provisions giving probate courts original and exclusive jurisdiction in all probate matters.    Sec. 34, art 6, Constitution 1875.    Notwithstanding the Supreme Court has had these matters before it, the point made here has never been directly passed upon and remains open to this court.    (3) It is apparent upon the face of the petition that a portion of said taxes is barred by the statute of limitation before this suit was commenced and, hence, the judgment of the court is erroneous as to those taxes.    (4) An examination of the record in this case will disclose the fact that no back-tax book was ever made out and returned by the collector as required by law, but a few sheets of paper were tacked together upon which delinquents were mentioned, and the original tax book turned over to the collector; this is in no sense a back-tax book and the city can not recover.    The city council never recognized them as back-tax books, but they seem to have a haphazard way of charging people with back taxes on slips of paper.

*Conrad Waldecker* for respondent.

This cause was instituted under the provisions of section 7626, Laws 1895, page 245, now section 9246, Revised Statutes 1899. One can not resist the payment of taxes by reason of informalities, or the non-feasances or misfeasances of officers. State ex rel. v. Phillips, 137 Mo. 259; State ex rel. v. Bank, 120 Mo. 161. The remedy provided for the collection of the taxes sued for is cumulative, and the circuit court had jurisdiction. Sec. 7626, Laws 1895, p. 245. The contract of Bauer, collector of the City of Jefferson, with Waldecker, who at the time such contract was entered into was the city attorney of said city, was not in violation of the charter of said city. Sec. 32, Laws 1893, p. 71, charter of said city; Sec. 7681, R. S. 1889. The bringing of said suit on November 5, 1895, was not premature but authorized by law. Sec. 7626, Laws 1895, p. 245; Sec. 1, Laws 1895, p. 243.

GANTT, J.—This is an action by the State at the relation of the collector of the revenue of Jefferson City to collect certain delinquent personal taxes, alleged to be due and owing by the estate of E. L. Edwards, deceased, amounting, principal and interest, to seventy-eight dollars, and for attorney's fees and collector's commissions, amounting to $10.92 additional, the total being $88.92, for the years 1889, 1890, 1891, 1892 and 1893.

The suit was commenced November 5, 1895.

The petition alleges the qualifications of the plaintiff as collector of the revenue of Jefferson City; the assessment and levy upon and against the deceased E. L. Edwards of the taxes on his personalty for the years 1889, 1890, 1891, 1892 and 1893, amounting in the aggregate to $68.59, all of which it was alleged would appear by the duly authenticated certificate of the collector within and for said city and marked exhibits A,

B, C, D and E, and filed with the petition; that said taxes were due and unpaid, and the neglect and refusal of the executor to pay the same; that Jefferson City is a city of the third class, under the laws of this State, with all the rights and privileges thereunto appertaining; the return of the taxes sued for as delinquent, by the collector, and the making out and delivery of a delinquent back-tax book by the city clerk and that said taxes are still on said back-tax book unpaid, and the making of a contract with Mr. Waldecker, as attorney, to collect said back taxes for a fee of ten per cent upon the amount collected, and paid into the treasury and its approval by the mayor.

The answer is as follows:

"Now at this day comes J. R. Edwards, the defendant herein, by his attorneys, and for answer to the plaintiff's petition admits that he is the executor of the estate of E. L. Edwards, deceased, but denies every other allegation in said petition.

"And for a further answer and defense herein, defendant says that if true as alleged in the petition that Conrad Waldecker has been contracted with by the City of Jefferson, or the collector thereof, to bring this suit and prosecute the same, that said contract is illegal and void under the provisions of section 32 of the charter of plaintiff, the City of Jefferson, and the institution of said suit by him was without authority of law and he can not prosecute the same.

"And for a further answer herein defendant says that the plaintiff herein had no authority at the time they commenced this suit to begin or prosecute the same and that the same was done in open violation of the statute of 1895 relating to 'Personal Delinquent Lists,' approved April 1, 1895, and defendants now plead such statutes in bar to plaintiff's action, and having fully answered pray to be discharged with costs."

The reply denied the new matter alleged in the answer.

A jury was waived and the cause was tried to the court sitting as a jury. The plaintiff offered in evidence the duly certified taxbills referred to in the petition for the years 1890, 1891, 1892 and 1893, to which defendant objected, and, his objections being overruled, duly excepted.

Plaintiff also offered the contract of the collector with the attorney for collecting the delinquent taxes, which said contract was in writing and approved by the mayor, to which defendant objected, and, his objection being overruled, defendant excepted.

The record of the city council returning the delinquent list to the city collector in pursuance of section 76 of the act of 1893, constituting the charter of cities of the third class, was read without objection.

The defendant to sustain the issues in his behalf, offered the admission that Mr. Waldecker was the city attorney, and proved by the collector that he had the original delinquent list made out by him and returned to the city council, and by the council returned to him, and rested.

The city then called the city clerk who produced the original assessment books for the years 1890, 1891, 1892 and 1893, showing the assessment of E. L. Edwards's personal property in the City of Jefferson, to which defendant objected as incompetent, irrelevant, and not the best evidence, and, his objection being overruled, duly excepted, and the original assessments were read in evidence, showing personal property for 1890, $1,664; 1891, $1,245; 1892, $1,245, and 1893, $1,245, duly certified by the county clerk and city clerk.

At the conclusion of the evidence defendant interposed a demurrer to the evidence, which the court overruled and thereupon found for plaintiff, and defendant appeals.

Three points are made for a reversal of the judgment.

I. It is insisted the petition states no cause of action

because "the Legislature had by its solemn enactment extended the time for bringing suits on personal taxes until the thirty-first day of December, 1895, and as this suit was commenced November 5, 1895, it was prematurely brought, and plaintiff can not recover." [Laws 1895, pp. 243, 244.]

This act, upon which defendant relies, was enacted April 1, 1895, with an emergency clause, and is as follows:

"Section 1. In payment of the taxes assessed against any person whose name appears upon the personal delinquent list of any year prior to January 1, 1895, the collectors of the revenue of the counties and cities of this State are hereby empowered and directed to accept the original amount of said taxes as charged against any such person relieved of the penalties, interest and costs accrued upon the same under provisions of chapter 138 of the Revised States [Statutes] of 1889: provided, however, that such persons shall pay the amount of said original taxes on or before December 31, 1895; and provided further, that if suit shall have been commenced against any person whose name appears upon any such 'personal delinquent lists' for the collection of the taxes charged against said person, such person shall, in addition to the original tax, pay all necessary costs incurred in the court where said suit is pending, together with such attorneys' fees as are now allowed by law in such suit.

"Section 2. The provisions of this act shall cease and be of no effect on and after January 1, 1896."

We are unable to give this statute the construction the learned counsel places upon it. In our opinion it does not bar a suit for the collection of delinquent personal taxes, but simply gave the taxpayer an opportunity to avoid the costs and penalties by tendering the amount of the original tax before suit was brought, provided this was done prior to January 1, 1896, and if suit should have been brought then he could sat-

isfy the same by paying the original tax and necessary court costs and such attorney's fees as were then allowed by law in such suit.

To have reaped the benefit of that, we think, defendant should have either tendered the original tax before the suit was brought, or after suit, brought into court the amount of the original taxes and the necessary costs of the suit and the attorney's fee. As neither of these alternatives was adopted and no tender made at all, we must hold the statute did not bar the suit.

II.   The defendant, who is the executor of the estate of E. L. Edwards, deceased, also denies the jurisdiction of the circuit court, on the ground that the probate court had jurisdiction over the allowance of the claim, it being shown that the testator had departed this life prior to the commencement of the suit.

By section 23, article 6, of the Constitution of this State the "circuit court shall exercise a superintending control over criminal courts, probate courts," etc.   By investing it with superintending control, the convention evidently intended the circuit court should be regarded as superior to probate courts, and in section 22 of article 6, when the circuit court is given "such concurrent jurisdiction with and appellate jurisdiction from inferior tribunals," it opened the way for the General Assembly to confer concurrent jurisdiction on the circuit court with the probate courts, and such concurrent jurisdiction is obviously recognized in section 211, Revised Statutes 1899, wherein it is provided that if any person shall commence a suit of any kind in the circuit court against an estate, within one year from the date of administration, he may recover judgment but shall pay all costs."   Such, we think, has long been the accepted interpretation of the jurisdiction of these courts.

III.   As to the proposition that the taxbills duly certified

by the city collector were not evidence, we are unable to agree.

Section 63, of article 4, entitled "Cities of the Third Class," Laws 1893, page 77, as enacted April 19, 1893, expressly provides that, "The city council shall cause the land and lot delinquent list and the personal delinquent list to be returned to the city collector, who shall be charged therewith, and who shall proceed to collect the same in the same manner and under the same regulations as are or may be provided by law for the collection of delinquent lists of real and personal taxes for state and county purposes; provided, that all suits for the collection of city taxes shall be brought in the name of the State, at the relation and to the use of the city collector."

If we turn now to section 7626, Revised Statutes 1889, the revision in force when this suit was brought, we find it provided that, "personal taxes assessed on and after June 1, 1887, shall constitute a debt for which a personal judgment may be recovered in the circuit courts of this State, against the party assessed with said taxes, . . . . and said taxes shall be set forth in a taxbill of said personal taxes, duly authenticated by the certificate of the collector and filed with the petition, and said taxbill or bills so certified shall be prima facie evidence that the amount claimed in said suit is just and correct," etc.

The city collector, then, is fully empowered "in this same manner" to certify the back taxbills for delinquent city taxes and his certificate is prima facie evidence that the taxes are just and correct. But if there had been any formal defect in the certificate in this case, the original assessments were produced, which sustained the certificate.

As no other propositions are insisted upon in the argument and brief of defendant, we deem it unnecessary to make this opinion longer.

We may, however, remark that it is said that a portion of the taxes sued for are barred, but no statute of limitations is

pleaded except that of 1895, and it is clear that section 7692 only refers to actions brought to enforce taxes on real estate, and does not apply here even if pleaded.

Finding no reversible error, the judgment is affirmed.

