THE STATE ex inf. CROW, Attorney-General, v. EVANS.

Division Two, January 13, 1902.

1. **Population: CENSUS: JUDICIAL NOTICE.** The court will take judicial notice of the published official census of the United States, for the purpose of determining the population of the several counties of this State at a given period.

2. **Circuit Clerk and Recorder: APPOINTMENT: VESTED RIGHT.** It is competent for the county court to make an order separating the office of circuit clerk and recorder, in counties having a population of ten thousand or more. And if the order is made within one year of the date of the next general election it is the province of the Governor to appoint a recorder. And such an order and appointment having been made, the prior incumbent, who at the last previous election was elected circuit clerk and ex officio recorder, may be ousted from the office of recorder. He has no such vested interest

in that office because of his election thereto as precludes the county court, when authorized thereto by proper legislation, from making such order.

3. **Officers:** TERM: VESTED RIGHTS. A person in the possession of a public office has no such interest or private property therein as precludes a repeal of the law creating it or a modification of that law, or a change in the emoluments thereof. Simply because an incumbent was elected at the last general election to fill a vacancy therein, it can not be held that he holds it under a contract which would be impaired by a separation of the office into two offices under a law which was in force when he was elected, one of which offices he is still permitted, under that law, to hold.

*Quo Warranto.*

WRIT OF OUSTER AWARDED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for informant.

The respondent has no such vested right in the office of circuit clerk and ex officio recorder of deeds as to prevent the county court from dividing the two, thereby creating the office of recorder of deeds separate and distinct from that of circuit clerk. R. S. 1899, secs. 9079, 9080. The above provisions of statutory law were in existence prior to the election of respondent to the office of circuit clerk and ex officio recorder, and even though it should be held that an office is a contract and such character of property as would give the holder a vested right thereto, it would necessarily follow that the duties of the office were assumed and the contract entered into with the limitation and understanding that a division might take place upon proper order of the county court. In other words, the right of the county court to make a division would enter into and become a part of the contract. But it is unnecessary to go thus far as the courts have almost universally held in this country that an office is not a contract and is not property; that the incumbent or office-holder has no vested

right thereto. Mechem on Public Officers, secs. 463, 464; Butler v. Pennsylvania, 10 How. 402; Koontz v. Franklin County, 76 Pa. St. 154. Where an office is created by statute, it may, in the absence of constitutional prohibitions, be entirely abolished or its term may be increased or diminished, or the manner of filling it may be changed, or its compensation may be altered, or its duties may be diminished or increased, even though done during the term for which the incumbent was elected or appointed. So, also, may an office be declared vacant and its duties transferred to another officer although the effect may be to remove the officer in the middle of his term or to abolish his office by leaving it devoid of duties. People v. Van Gaskin, 5 Mont. 352; Denver v. Hobart, 10 Nev. 28; State v. Davis, 44 Mo. 129; Price v. Skillin, 36 Am. Rep. 325. Legislative control over an office is not prohibited by that provision of the Constitution of the United States forbidding the impairment of an obligation or contract. Butler v. Pennsylvania, supra.

*A. L. Reeves, Henry Clymer* and *H. H. Harrison* for respondent.

GANTT, J.—On the twenty-seventh day of November, 1901, the Attorney-General filed in this court the following information:

In the Supreme Court of Missouri, Division No. 2, October Term, 1901.

State of Missouri, *ex informatione,*

Edward C. Crow, Attorney-General,
    vs.
William C. Evans.

Comes now Edward C. Crow, Attorney-General of the State of Missouri, and informs the court that one William C. Evans has without any legal rights or authority whatsoever since the ninth day of November, 1901, unlawfully usurped, used, held and exercised the office of recorder of deeds within and for the county

of Crawford in said State of Missouri, which said office is an important public office; and that said William C. Evans does still unlawfully usurp, use, hold and exercise the powers of said office within the State and county aforesaid and since the ninth day of November, 1901, said William C. Evans has unlawfully claimed, received and enjoyed the rights, fees and emoluments belonging and appertaining to said office.

Informant, the Attorney-General of the State of Missouri, by reason of the premises aforesaid, prays for judgment that said William C. Evans has unlawfully usurped and unlawfully held and exercised the said office of recorder of deeds within and for the county of Crawford and State aforesaid, and that proceedings at law be issued against said William C. Evans and that he be ousted from said office.

EDWARD C. CROW, Attorney-General.

The writ having been duly served, the respondent Evans on the twenty-first day of December, 1901, filed the following answer and return:

State of Missouri *ex informatione*, Edward C. Crow, Attorney-General, Informant.
vs.
William C. Evans, Respondent.

Now at this day comes respondent, William C. Evans, and for his amended answer to the information herein filed, denies that said respondent has without any legal rights or authority whatsoever, since the ninth day of November, 1901, unlawfully usurped, used, held and exercised the office of recorder of deeds within and for the county of Crawford in the State of Missouri; denies that said respondent does still unlawfully usurp, use, hold and exercise the powers of said office within the State and county aforesaid since the ninth day of November, 1901; denies that said respondent has unlawfully claimed, received and enjoyed the rights, fees and emoluments belonging and appertaining to said office, and denies generally and specifically each and every other allegation contained in said information.

And for further answer respondent avers that heretofore to-wit, on the eighth day of November, 1898, he was the legal candidate of the Republican party of Crawford county, Missouri, for the office of circuit clerk and recorder of deeds, having been duly nominated for such office by nomination legally and regularly made as shown by the certified copy of the nominations of

the Republican party of Crawford county, Missouri, herewith
filed, marked "Exhibit A," and made a part of this answer. That
on the eighth day of November, 1898, at the regular and general
election held in said Crawford county, Missouri, on the said
eighth day of November, 1898, said respondent as the candidate
aforesaid, and one W. J. Self were voted upon for the candidates
to the office of circuit clerk and recorder of deeds within and
for said county and State. That on the tenth day of November,
1898, the result of said election and the votes cast thereat for the
various candidates for the office of circuit clerk and recorder of
deeds within and for said Crawford county, Missouri, was ascer-
tained and determined by U. S. Wright, clerk of the county
court within and for said county and State, together with the
assistance of Marcus Earney and U. B. Wright, two of the judges
of said county court, when and where it was ascertained and
determined that the respondent herein, William C. Evans, had
been duly and legally elected to the office of said circuit clerk
and recorder of deeds, he, the said respondent, having received
1,421 votes as against 1,257 votes cast for W. J. Self, his oppo-
nent, whereupon said U. S. Wright, clerk of the county court
aforesaid, issued a certificate of election declaring that said
respondent William C. Evans had been duly elected circuit clerk
and recorder of deeds within and for said county and State and
certified the same to the Secretary of State within and for Mis-
souri as required by law.

And respondent further avers that afterwards, to-wit, on the
fifth day of December, 1898, a commission was duly issued by the
Governor of the State of Missouri and attested by the Secretary
of State, commissioning said William C. Evans clerk of the
circuit court within and for said Crawford county, Missouri,
for a term of four years, authorizing and empowering him, the
said respondent, to discharge all the duties according to law per-
taining to said office, which said commission is hereto attached,
marked "Exhibit B," and made a part of this answer. That on
the twelfth day of December, 1898, the respondent, William C.
Evans, appeared before U. S. Wright, clerk of the county court
within and for said county and State and qualified by taking
the oath and giving bond to the State of Missouri in the sum of
$2,500, conditioned that he, the said William C. Evans, the re-
spondent herein, should faithfully perform and discharge all the
duties enjoined on him by law as recorder of deeds within and
for said county and State as required by law, a certified copy of
which said bond is herewith filed, marked "Exhibit C," and
made a part of this answer.

Wherefore, by reason of all the premises and by virtue of the certificate of election, qualification and bond as aforesaid, respondent avers that he has during all the times aforesaid mentioned in the information herein filed, with legal right and authority used, held and exercised the duties and emoluments of the office of recorder of deeds within and for said Crawford county, Missouri, and still does lawfully use, hold and exercise the rights, privileges and liberties of said office of recorder of deeds as well he might and still may do so under the law, as well as receive the emoluments of the office, all of which he is ready to prove and verify as the court shall award. Wherefore, he prays judgment that the said office of recorder of deeds, its rights, duties, franchises, privileges and emoluments belonging and appertaining thereto, by him claimed may be adjudged to him as required by law.     WM. C. EVANS, Respondent.

State of Missouri, County of Crawford, ss.

On this twentieth day of December, 1901, before me, a notary public, personally came one William C. Evans, who first being duly sworn, upon his oath says that the matters and facts stated and contained in the above and foregoing answer are true and correct.

(Seal.)     A. H. HARRISON, Notary Public.
My term expires August 30, 1905.

The Attorney-General's reply to respondent's return is as follows:

In the Supreme Court of Missouri, Division No. 2, October Term, 1901.

State of Missouri, *ex informatione,* Edward C. Crow, Attorney-General, Informant.
vs.
William C. Evans, Respondent.

Comes now the informant herein and for reply to respondent's alleged answer stated that heretofore, to-wit, on the sixth day of November, 1901, the county court of Crawford county, Missouri, being lawfully in session, made and spread upon its records an order dividing the office of recorder of deeds and the office of circuit clerk, which is recorded in book —— at page ——, in the county court records of Crawford county, Missouri, and a copy of which is hereto attached. That afterwards on the seventh day of November, 1901, Governor A. M. Dockery, in pur-

suance of the power vested in him by law, appointed Thomas M. Wright recorder of deeds within and for the county of Crawford and State of Missouri to hold until his successor is elected and qualified, and a copy of which said commission is hereto attached and marked "Exhibit B." That afterwards, to-wit, on the eighth day of November, 1901, Thomas M. Wright took and subscribed the following oath of office, to-wit:

State of Missouri, County of Crawford, ss.

"I, Thomas M. Wright, do solemnly swear that I will support the Constitution of the United States and the State of Missouri and faithfully demean myself in office as recorder of deeds of Crawford county, Missouri.          T. M. WRIGHT.

"Subscribed and sworn to before me this eighth day of November, 1901.

"(Seal.)          U. S. WRIGHT, Clerk County Court."

And that on said eighth day of November, 1901, in pursuance of the statutes he made and executed with good and lawful securities the following official bond:

"Know all men by these presents: That we, Thomas M. Wright, principal, and Uriah B. Wright, William Wright, Joseph N. Taylor, and L. C. Mattox, as securities, are held and firmly bound unto the State of Missouri in the sum of five thousand dollars, for the payment of which we hereby bind ourselves and our heirs, executors and administrators. Witness our hands this eighth day of November, 1901. The condition of the above bond is such, however, that whereas, the said Thomas M. Wright was on the seventh day of November, 1901, duly appointed to the office of recorder of deeds of the county of Crawford in the State of Missouri and has been duly commissioned. Now, therefore, if the said Thomas M. Wright shall faithfully perform the duties enjoined on him by law as recorder and shall deliver up all the records, books, papers, writings, seals, furniture and apparatus belonging to the office, whole, safe and undefaced to his successor, then this obligation is to be void; otherwise to remain in full force and effect.          THOMAS M. WRIGHT,
URIAH B. WRIGHT,
WILLIAM WRIGHT,
(his x mark.)
JOSEPH N. TAYLOR,
L. C. MATTOX.

"Witness:  H. W. Ramsey.

Vol 166 mo—23

"Filed November 8, 1901:  U. S. Wright, County Clerk.

"Approved by the Court:  M. A. Clayton, P. J."

That said Wright was at the time of said appointment a qualified and legal voter of the State of Missouri and a resident thereof for one year, at least; a male citizen, over twenty-one years of age and in all respects duly qualified to hold the office of recorder of deeds within and for said county and to perform the duties thereof.

Informant states that upon said Thomas M. Wright being appointed, commissioned and qualified as aforesaid, he became entitled to the office and that respondent herein now unlawfully and unjustly deprives him thereof.  Wherefore, informant prays a judgment of ouster may be rendered against respondent and for such other orders in the premises as the court may deem proper.

EDWARD C. CROW, Attorney-General.

The motion for judgment on the pleadings is as follows:

In the Supreme Court of Missouri, Division No. 2, October term, 1901.

State of Missouri, *ex informatione,* Edward C. Crow, Attorney-General, Informant.

vs.

William C. Evans, Respondent.

Comes now the informant and prays the court to render judgment on the pleadings herein for the reason that respondent has shown no title to the office and on the face of the pleadings the State is entitled to a judgment of ouster against him.

EDWARD C. CROW, Attorney-General.

The duly certified copy of the order of the county court of Crawford county made on the sixth day of November, 1901, and filed as an exhibit and made part of the Attorney-General's reply, recites that it appeared to the court from the official census that Crawford county had a population of more than ten thousand inhabitants and that the circuit clerk of said county had been and was then exercising and performing the duties of recorder of deeds of said county.  It was thereupon ordered by the court that the office of the circuit clerk and recorder of deeds be and the same is divided and separated under authority and in pursuance of sections 9079 and 9080, Revised

Statutes of Missouri 1899, and a copy of said order was directed to be certified to the Governor of Missouri. The Governor on the seventh day of November, 1901, appointed Thomas M. Wright recorder of deeds within and for said county of Crawford and a commission in due form of law was delivered to him, and, as alleged, said Wright took the oath of office and filed his bond.

I. This court will take judicial notice of the published official census of the United States for the purpose of determining the population of the several counties of this State at a given period. [State ex rel. v. County Court, 89 Mo. 237; State ex rel. v. Wofford, 121 Mo. 61.]

According to the census of 1900 Crawford county had 12,959 inhabitants.

Section 9079, Revised Statutes of 1899 of Missouri, provides for the division of the office of circuit clerk and recorder as follows: "In every county having a population of ten thousand inhabitants, it shall be lawful for the county court to make an order separating the offices of circuit clerk and recorder of deeds."

Section 9080 of the same Revised Statutes provides that if the order mentioned in the next preceding section shall be made twelve months next before the time provided for the election of a recorder an election shall be ordered for the purpose of filling said office to be held not exceeding forty days thereafter, but if the order is made within twelve months next before the time provided for the election of a recorder, the Governor of the State, on being notified by the county court of the fact, shall appoint some suitable person as recorder who shall hold his office until his successor is duly qualified and shall receive all the books and papers pertaining to said office, and the circuit clerk shall deliver to him all books and papers pertaining to the office of recorder.

It will be observed that the order dividing the offices made by the county court and the appointment of the Gov-

ernor were within twelve months next before the time provided for the election of a recorder of said county under the statutes of this State, as that election will be held on the first Tuesday after the first Monday in November, 1902, or November 4, 1902.

The county of Crawford having a population of over ten thousand inhabitants on the sixth of November, 1901, and the county court having on that day made its order separating the offices of circuit clerk and recorder of deeds, and that order having been duly certified to the Governor and the Governor having appointed Thomas M. Wright recorder of deeds within and for said county until his successor shall be elected and qualified, it is obvious that the only question presented by the pleadings in this case is whether the respondent, the circuit clerk of said county, has such a vested right in and to the emoluments of the office of recorder of deeds for said county by virtue of his election as circuit clerk and ex officio recorder of deeds of said county, on November 8, 1898, that the order of the county court separating said offices and the appointment of the Governor can not affect his title thereto.

It may be well to note that the statutory provisions found in sections 9079 and 9080, Revised Statutes 1899, were in force long prior to the election of respondent to the office of circuit clerk and ex officio recorder in November, 1898. A person in the possession of a public office created by the Legislature has no such vested interest or private property therein that it can not be modified or repealed by the Legislature which created it. Such offices are not held by grant or contract, but are subject to such modifications and changes as the legislative branch of the government may deem it necessary or advisable to enact, unless inhibited by the Constitution. This is the law of this State, and generally in the United States. [Atty.-Gen'l v. Davis, 44 Mo. l. c. 131.]

As said by the Supreme Court of the United States in Butler et al. v. Pennsylvania, 10 Howard l. c. 416: "The se-

lection of officers, who are nothing more than agents for the effectuating of such public purposes, is a matter of public convenience or necessity, and so, too, are the periods for the appointments of such agents; but neither the one nor the other of these arrangements can constitute any obligation to *continue* such agents, or to reappoint them, after the measures which brought them into being shall have been found useless, shall have been fulfilled, or shall have been abrogated as even detrimental to the well-being of the public...... It follows, then, upon principle, that, in every perfect or competent government, there must exist a general power to enact and to repeal laws; and to create, and change or discontinue, the agents designated for the execution of those laws."

Accordingly, it was ruled in that case, that a statute changing the term and the compensation of officers by which the then incumbents were deprived of a part of the term they would otherwise have enjoyed, was not a violation or impairment of a contract within the protection of the Constitution of the United States. That doctrine has been universally accepted by the courts of this and the other States. [Mechem on Public Officers, secs. 463-464; Koontz v. Franklin County, 76 Pa. St. 154; People ex rel. v. Van Gaskin, 6 Mont. 352; Bryan v. Cattell, 15 Iowa 538; Denver v. Hobart, 10 Nev. 28; Price v. Skillin, 36 Amer. Reps. 325; Atty.-Gen'l v. Squires, 14 Cal. 12.]

It necessarily follows that as Evans, the respondent, held an office created by the Legislature by virtue of being circuit clerk, the Legislature had the power in its wisdom either to abolish the office or to separate it from the office of circuit clerk and provide for its occupancy either by election or appointment, without infringing any vested right which he had therein.

As the county court lawfully separated the offices, and the office of recorder is no longer appendant to his office as circuit clerk, he has usurped and intruded into it, since the appoint-

ment and qualification of Wright, the Governor's appointee, and the writ of ouster is awarded with the costs of this proceeding. All concur.