STATE OF MISSOURI at the relation of ROY MCKITTRICK, Attorney-General, Relator, v. FRANK W. BAIR, Collector of Revenue of Jasper County.—63 S. W. (2d) 64.

Court en Banc, June 23, 1933.

*Roy McKittrick,* Attorney-General, *Edw. C. Crow, Covell Hewitt* and *Harry G. Waltner, Jr.,* Assistant Attorney-Generals, for relator.

4

8

*Foristel, Mudd, Blair & Habenicht, Casey & Wright, George Smith, G. R. Chamberlin, George V. Farris, Roy Coyne* ánd *A. H. Garner* for respondent.

*John C. Meredith* and *Meredith & Harwood, amicus curiae.*

*McCune, Caldwell & Downing* for The School District of Kansas City, *amicus curiae.*

HAYS, J.—This is an original proceeding in mandamus brought

by the Attorney-General as relator, in which he seeks to compel the respondent, Collector of Revenue for Jasper County, to accept the tender made by one W. E. Bates, the owner of real estate in that county upon which general taxes for the years 1931 and 1932 have become and are delinquent, of the original taxes assessed and levied against said lands, in full of said taxes for said years and relieved of all penalties, interest and costs, in compliance with the requirement of Senate Bill No. 80, approved April 13, 1933, and in effect on the same day under its emergency clause, passed by the Fifty-seventh General Assembly and operative until January 1, 1934, when it expires by its own limitation. Respondent entered his voluntary appearance, and by stipulation waived the issuance and service of our alternative writ and filed his return to the relator's petition considered as such writ.

Certain individuals were permitted to intervene, who filed a joint return in which the respondent himself appears to have joined also; and joinder of issues was completed by a motion filed by relator for judgment on the pleadings.

In his return respondent admitted said tender and the enactment of said bill, and sought to justify his admitted refusal of the tender upon substantially the following grounds: (1) That said act violates Section 51 of Article IV, Subdivisions 22, 23 and 28 of Section 53 of said Article IV, Sections 15 and 30 of Article II of our Constitution and Section 10, Article I of the Federal Constitution and Section 1 of the Fourteenth Amendment thereof; (2) that under the law the respondent receives a flat salary of $4,000 and that all his lawful commissions for collection of both delinquent and current taxes belong to and are payable to the county and are indebtedness to the county; and (3) that it is respondent's duty to collect and pay over both the taxes and interest penalties to the county and to pay the interveners their fees. These interveners are, respectively, the attorney employed by the collector to bring suits for delinquent taxes, the circuit clerk, the county clerk, the sheriff, a constable and a justice of the peace, all of whom, in their return claim they are, respectively, entitled to certain ''costs, penalties and attorney's fees'' for which the respondent would render himself individually liable should he accept the tender made by Bates, and further claim the act in question is unconstitutional as in respondent's return stated.

This case involves the same principles of law and similar facts as in the case of State ex rel. Eugene L. Crutcher, relator, v. Edmond Koeln, as Collector of the City of St. Louis, 332 Mo. 1229, 61 S. W. (2d) 750. The opinion there substantially covers and therefore rules this case. However, some additional questions of law are presented in the instant case which we deem it proper to consider.

The main contention here seems to be upon the nature of the

right of respondent's attorney employed to aid him in the collection of delinquent taxes by suits to be brought under a contract between him and respondent, approved by the county court, relative to the attorney's fees. While the rights of the attorney are predicated and asserted upon said contract, the rights of the collector and the intervening clerks, sheriff, constable and justice of the peace are necessarily based upon their rights to their fees as public officers. The contention, broadly stated, is that the attorney has under his contract a vested right in what he terms his "earned fees," of which the act would deprive him contract to the constitutional provisions considered in the Koeln case, supra, and contrary also to other constitutional provisions now to be noted.

The attorney's right is asserted to be a vested one the impairment of which is prohibited by Section 15, Article II of our Constitution, which prohibits *ex post facto* laws, or laws impairing the obligation of contracts or retrospective in their operation.

■ This court en banc defined such right thus: (State ex rel. Wayne County v. Hackmann, 272 Mo. 1. c. 607, 199 S. W. 990) "By a vested right we mean one which is absolute, complete and unconditional (Orthwein v. Ins. Co., 261 Mo. 1. c. 665), to the exercise of which no obstacle exists, and which is immediate and perfect in itself and not dependent upon a contingency. [Young v. Jones, 180 Ill. 1. c. 221; Bailey v. Railroad (Del.), 4 Harr. 1. c. 400; Day v. Madden, 9 Colo. App. 464; Royston v. Miller, 76 Fed. 1. c. 53.]" From the observations made in the Koeln case, supra, it clearly appears that the right now alleged by the attorney does not meet the requirements of this definition. Yet, since that matter is pressed here, it will receive further exposition.

The attorney's fees are provided for by Section 9952 of the Revised Statutes of 1929, which, after providing that the collector shall proceed to enforce the payment of delinquent taxes charged on any lot or tract, by suit to enforce the lien thereon, further provides in substance that for such purpose the collector shall have power, with the approval of the county court, to employ such attorneys as he may deem necessary, who shall receive as fees such sum, not to exceed ten per cent of the *taxes actually collected and paid into the treasury*, and an additional sum, not to exceed $3 for each suit instituted for the collection of such taxes; *which said sum shall be taxed as costs in the suit and collected as other costs and no attorney shall receive any fee or compensation for such services except as in this section provided*. From the statute itself it is obvious that the attorney's right to fees does not accrue *pari passu* with the rendering of each act of service in a given case, but accrues as a whole after collection made or judgment rendered. [12 C. J. 973; Coles v. Madison County, 1 Ill. 1. c. 157.] And, contrary to an argument

pressed, the Legislature having fixed one definite and certain mode of payment, no other is permissible, and there can be no application of the doctrine of *quantum meruit*. [Greene County v. Lydy, 263 Mo. 77, 172 S. W. 376.]

The contract entered into between the collector and his attorney, and approved by the county court, imposes no liability upon either the State, county or the collector. It only fixes the status of the attorney as to his right to compensation and the amount thereof when in the tax suit the liability therefor becomes fixed upon the taxpayer's property by the final judgment in the case. [Butler v. Sullivan County, 108 Mo. l. c. 638, 18 S. W. 1142.] And, as stated in State ex rel. Kemper v. Smith, 13 Mo. App. l. c. 423, "It is clear, then, that unless the proceeding result in collecting a sum of money belonging to the public revenue, neither the collector nor his attorneys can claim any costs in the cause." The same rule necessarily applies to the other interveners, who as public officers have no contractural right as to their terms of office or their compensation or any vested right in either, the same being subject to legislative control. [State ex rel. Attorney-General v. Davis, 44 Mo. 129; Givens v. Daviess County, 107 Mo. l. c. 608, 17 S. W. 998; State ex inf. Crow, Attorney-General, v. Evans, 166 Mo. 347, 66 S. W. 355; Gregory v. Kansas City, 244 Mo. 523, 149 S. W. 466.] The fees of the collector and his attorney and of the interveners are subordinate to the general legislative power to impose, increase, diminish or remit penalties for tax delinquencies; and no vested right of any of them is impaired by the remission. [Jones v. Williams (Tex. Sup. Ct.), 45 S. W. (2d) l. c. 139, 140, and cases there cited.]

It having been determined that the respondent and the inter-veners have no vested interest or property right in the penalties remitted by Bill No. 80, the act does not offend against the due process clauses of the Fourteenth Amendment nor Section 10 of Article I of the Constitution of the United States nor our Section 30 of Article II.

In this situation the legislative power to remit the penalties involved here is well settled in principle. In Maryland v. B. & O. Railroad Co., 3 Howard, 534, it is held, that the Legislature has a right to remit penalties imposed by law. "In this aspect of the case," the court said at page 552, "and upon this construction of the act of Assembly, we do not understand that the right of the state to release it is disputed. Certainly the power to do so is too well settled to admit of controversy. The repeal of the law imposing the penalty, is itself a remission. [1 Cranch, 104; 5 Cranch, 281; 6 Cranch, 203, 329.] And in the case of the United States v. Morris, 10 Wheat. 287, this court held, that Congress had clearly the power to authorize the secretary of the Treasury to remit any penalty or forfeiture incurred

16

by the breach of the revenue laws, either before or after judgment; and if remitted before the money was actually paid, it embraced the shares given by law in such cases to the officers of customs, as well as the share of the United States.'' [See, also, 23 Am. & Eng. Ency. of Law, pp. 506-508 and 510 (1 Ed.) and cases cited.]

■ The act under review appears to be a remedial one and relates to procedure in the collection of delinquent taxes, and is not within the ban of Section 15 of Article II. Of remedial statutes this court in Wellshear v. Kelley, 69 Mo. 343, 1. c. 354, said: ''The position that the Act of 1887 is retrospective in its operation, and therefore, unconstitutional, we think untenable. It simply provides a different remedy from that which the State, at the date of its approval, had for the collection of back taxes, and of the right of the Legislature to change the remedy in such a case as this there can be no doubt. |Cooley's Const. Lim., 361; Porter v. Marriner, 50 Mo. 367.] Judge COOLEY says: 'As a general rule, every State has complete control over the remedies which it offers to suitors in its courts. It may abolish one class of courts and create another. It may give a new and additional remedy for a right already in existence. And it may abolish old remedies and substitute new.' '' [See, also, McManus v. Park, 287 Mo. 1. c. 115 et seq., 229 S. W. 211; State ex rel. Maguire v. Draper, 47 Mo. 29; State ex rel. McRee v. Maguire, 47 Mo. 35.] The Thirty-eighth General Assembly passed an act (Laws 1895, p. 243) remitting penalties which seems to have furnished the pattern for No. 80. Unlike the latter the former conditioned the remission, in instances where suits had been filed, upon the taxpayer's paying the costs together with attorney's fees. In construing the latter provision this court in State ex rel. v. Edwards, 162 Mo. 660, 63 S. W. 388, held, that the act simply gave the taxpayer an opportunity to avoid the costs and penalties by tendering the amount of the original tax before suit was brought and before the act expired by limitation. ■ So we think that under a proper construction of the statute assailed in the instant case the filing of suits for delinquent taxes and penalties is not prevented, but that penalties are remitted, in the manner provided in No. 80, upon proper tender of payment of the original taxes, without penalties, fees or costs, before judgment rendered (except as noted later).

■ Nor do the provisions of Sections 658 and 660, Revised Statutes 1929, interfere with or prevent the operative effect here attributed to the act. They are declaratory general statutes and as such are usually accorded—and especially in proceedings involving vested rights—''the same effect as a saving clause in the repealing statute. A general statute does not bind the Legislature, but in the absence of anything to the contrary, it is presumed that it was in-

tended to apply." [1 Sunderland on Statutory Construction, p. 558; see, also, St. Joseph Board, etc., v. Gaylord, 86 Mo. 401, 406.]

With respect to the act here assailed we do not yield to the presumption just stated, since it is overwhelmed by the language of the act itself, which declares the existence of a situation, arising from lack of public revenue, so grave and exigent as to imperil the functioning of the State government itself in its essential branches, and implies that the remedy lies in changing the mode of collection, and thereby accelerating the collection, of delinquent taxes through the remission of the retarding penalties. This consideration impels the conclusion that in its fostering care for the transcendent public interest the Legislature intended that the act should suspend all provisions of law repugnant to the same or out of harmony therewith.

All questions necessary to be discussed having been determined, it seems advisable, before closing this opinion, to observe briefly the effect of the change in the law upon the back-tax suits that have been filed, or may be filed, subsequently to the date, April 13 of the current year, when this new law became effective. Owing to the alternative options granted the taxpayer, with periodically and increasingly reduced advantage to him in the avoidance of penalties, a question of some difficulty is presented pertinent to the effect upon suits pending during any part or all of the entire period covered by the act. ■ Concerning this matter it is our view, (1) that none can proceed to final judgment before the expiration of the act on January 1 next; (2) a taxpayer exercising the first option, may pay the original tax without more and all penalties are thereby discharged and his pending tax suit, if any, will be abated; (3) exercising the second option, the taxpayer, if suit be pending against him, must in addition to the original tax pay one-fourth of all penalties formerly chargeable, in full discharge of the whole and the suit will likewise abate; and (4) the same process and result will apply in a general way to the remaining options. We think this mode of procedure seems practical and just, and accomplishes the legislative purpose, as we have determined it.

Our alternative writ of mandamus is hereby made peremptory. All concur; *Leedy, J.*, in the result.