STATE OF MISSOURI at the relation of LOLAH F. STEED, OREON E. SCOTT Trustee, and L. AVON BLUE, Relators, v. JULIUS R. NOLTE, Judge of the Circuit Court for the Thirteenth Judicial Circuit of the State, and JOHN D. MASSEY, Collector in and for the City of Clayton.—138 S. W. (2d) 1016.

Court en Banc, April 10, 1940.

*Christian B. Peper* for relators.

·1104

*Glen Mohler* for respondents.

*Charles E. Altenbernd, Marvin E. Boisseau, Clarence A. Peterson, Morton K. Lange, John A. Nolan* and *R. Bruce Snow amici curiae.*

CLARK, J.—Original proceeding in prohibition. Respondent, Nolte, is Judge of the Circuit Court of St. Louis County and respondent, Massey, is Collector of the City of Clayton, a city of the fourth class, located in said county. It is conceded that St. Louis County contains more than 200,000 and less than 400,000 inhabitants. Relators are defendants in a suit pending in said circuit court, brought in the name of the State, at the relation and to the use of said Massey as City Collector to enforce the lien of said city for taxes for the years 1936, 1937 and 1938 against certain real estate situate in said city and owned by relators.

Our provisional rule in prohibition was ordered, and respondents entered their appearance, waived issuance of the writ and filed their joint return; whereupon, relators filed their motion for judgment on the pleadings.

The issues as made by the pleadings may be summaried as follows: relators contend that the circuit court is without jurisdiction because

the Jones-Munger Law (Laws of 1933, pp. 425-449) repealed certain statutes authorizing the suits for delinquent real estate taxes, and substituted therefor a method of sale without judicial proceedings; the relators further contend that, even if it be held that suits are maintainable for the collection of delinquent real estate taxes due fourth class cities, such suits cannot be brought by city collectors, but must be brought by county collectors because of the provisions of Article X, Chapter 59, Revised Statutes 1929, and particularly Section 9970 thereof as amended by Laws of 1933, pages 450-451 (Mo. Stat. Ann., p. 8012). Respondents contend that an Act of the Sixtieth General Assembly (Laws of 1939, pages 878-885) restores the suit method for collecting delinquent real estate taxes (city taxes as well as State and county taxes), in St. Louis County; and further contend that under Section 6995, Revised Statutes 1929 (Mo. Stat. Ann., p. 5735), such suits for taxes due a city in said county must be brought by the city collector.

The two questions confronting us are so closely related that we will consider them together. Those questions are: What is the proper method of collecting delinquent real estate taxes due a city of the fourth class in St. Louis County? What officer should collect such taxes?

Prior to 1879 no city, except where a special charter so provided, had a lien for taxes, the only lien therefor being vested in the State for all taxes (State, county, school and city) and the State enforced such lien through county officers. [Laws of 1871, 1872, pp. 117-119.]

In 1879 cities of 5000 or more inhabitants were granted a lien for unpaid city taxes on real estate and required to make return to and collect such taxes by city officers. [Laws of 1879, pp. 187-190.] Thereafter, from time to time, the power to enforce the lien for city taxes on real estate was conferred on cities of various classes. In 1933 when the Jones-Munger Law was enacted it seems that all cities collected their own taxes with the possible exception of some cities governed by special charter (Sec. 7324, R. S. 1929, Mo. Stat. Ann., p. 5889) and some cities of more than 100,000 and less than 500,000 inhabitants. [Sec. 7454, R. S. 1929, Mo. Stat. Ann., p. 5950.]

In 1895 a lien was created in favor of fourth class cities and provision made for the enforcement of such lien "in the same manner and under the same rules and regulations as are or may be provided by law for the collection and enforcement of the payment of State and county taxes," with the further provision that all suits for the collection of city taxes should be brought in the name of the State, at the relation and to the use of the city collector. [Laws of 1895, pp. 74, 75, now Sections 6994-6996, R. S. 1929, Mo. Stat. Ann., pp. 5734, 5, 6.]

The Jones-Munger Law repealed Section 9952 and other sections of the Revised Statutes of 1929, which provided for the collection of

State and county taxes by suit and substituted a method of advertisement and sale without suit. It did not expressly repeal Sections 6994-6996, nor did it refer to any section of the statutes pertaining to the collection of city taxes in fourth class cities. However, as the Jones-Munger Law revoked the method of collecting State and county taxes by suit and provided a new method, and as Section 6995 provides that city taxes in fourth class cities shall be enforced in the same manner used for the collection of State and county taxes, the result was that such cities could collect their taxes by the new method only. But, while the Jones-Munger Law in connection with Section 6995 changed the method of collecting such city taxes, it did not transfer the collection from the city officers to county officers.

In 1939 the General Assembly enacted House Bill 677 (Laws of 1939, pages 878-885) amending the Jones-Munger Law. This Act restores in counties of the population of St. Louis County the old method of collecting State and county taxes on real estate by suit. It nowhere mentions city taxes, but respondents say that as the bill provides a method of collecting delinquent taxes *in* St. Louis County, this means *all* delinquent taxes (city as well as State) in said county. Respondents further say that Section 9963c of the Jones-Munger Law remains unchanged by House Bill 677; and, as that section provides in part "where applicable the word 'county' as used in this act shall be construed 'city,'" House Bill 677 becomes applicable to city as well as State taxes. We cannot so interpret Section 9963c. That section, in and of itself, does not place the collection of city taxes within the Jones-Munger Law as originally enacted or as amended by House Bill 677. Obeying the mandate of Section 9963c to read the word "city" into each section of the Jones-Munger Law where the word "county" appears, we find the only effect to be that city officers retain the same powers and duties as to city taxes as are given to county officers with respect to State and county taxes. The collection of city taxes comes under the provisions of the Jones-Munger Law, not by reason of Section 9963c, but by virtue of the unchanged provisions of Section 6995, supra, that the enforcement of city taxes shall be in the same manner and under the same rules now or hereafter provided for the collection of State and county taxes.

Now, since the enactment of House Bill 677 and similar measures at the 1939 session, we have *two* methods for the collection of State and county taxes: in St. Louis County, Jackson County and the City of St. Louis, by suit; in all the remainder of the State, by advertisement and sale. In giving effect to Section 6995, shall we say that city taxes due a city located in St. Louis County shall be collected in the same manner as provided for the collection of State and county taxes *in St. Louis County,* or in the same manner provided for the collection of State and county taxes in the State at large? Respondents say that the method in force for collecting State and

county taxes in St. Louis County should apply to the collection of taxes due to cities in the same county, and to hold otherwise would result in confusion. The argument that taxes due cities of the fourth class should be collected by one method in two counties and taxes due cities of the *same class* should be collected by a different method in the other one hundred and twelve counties, is not very convincing.

The constitutional question as to whether the same method must prevail in all cities of the same class has not been raised and, of course, we do not decide it. As to possible confusion which may ensue from the collection of city taxes by one method and the collection of State and county taxes in the same county by a different method, we call attention to the fact that prior to the Jones-Munger Law the statutes provided for the collection of city taxes in first class cities by sale without suit (Secs. 6207-6240, R. S. 1929, Mo. Stat. Ann., pp. 5330-5345), while in the same counties State and county taxes were collected by suit. We find nothing in House Bill 677 to indicate a legislative intention to remove cities of the fourth class from the operation of the Jones-Munger Law. That the General Assembly did not so intend, we think is made clear by Section 9952a-6 of House Bill 677. That section provides for the enforcement of the "lien of the *state*," which must mean the lien for State and county taxes. House Bill 677 makes *no* provision for the enforcement of a lien for taxes due a city of the fourth class which, as already pointed out, is vested in the city.

Relators contend that not only must the taxes of respondent city be collected by advertisement and sale as outlined in the original Jones-Munger Law, but also that they must be collected by county and not city officers. Relators base this claim on Sections 9970 and 9971, Revised Statutes 1929 (Mo. Stat. Ann., pp. 8012-8013); and on certain sections of the Jones-Munger Law. Section 9970 provides that the collectors of all cities having authority to levy and collect taxes shall annually return to the county collector all unpaid real estate assessments and Section 9971 provides that the county collector shall have power to collect such assessments. These sections were first enacted in 1872 (Laws of 1871-2, page 118) at a time when no city had a lien for, or the power to collect, city taxes. In 1879 and later, as we have already pointed out, various classes of cities were granted a lien for and the power to collect their own taxes. Notwithstanding this, Sections 9970 and 9971 have been retained in the statutes and Section 9970 was repealed and reenacted in substantially the same form in 1933, the only change being to substitute the words "first Monday in March" for the words "first day in May." [Laws of 1933, p. 450.] The apparent conflict between the statutes, now numbered 6995 and 9970, 9971, respectively, was considered by this court in the case of City of Aurora ex rel. v. Lindsay, 146 Mo. 509, 48 S. W. 642, decided in 1898. It was there held that the city collector,

not the county collector, was the proper officer to collect taxes due a city of the fourth class. That ruling has not since been departed from; so, when the General Assembly repealed and reenacted Section 9970 in 1933, in the same form, they are presumed to have adopted the construction so placed on the statutes by this court. [State ex inf. Gentry v. Meeker, 317 Mo. 719, 296 S. W. 411.] In other words, said Section 9970, both before and after its reenactment in 1933, was and is applicable only to the limited number of cities above mentioned, which still return their delinquent taxes to county instead of city officers. The expression "such cities," appearing in Sections 9949, 9950, and other sections of the Jones-Munger Law and of the Revised Statutes, refers to such cities as from time to time have been granted the power to collect their own taxes, and those sections vest in city officers the same duties as to city taxes as are exercised by county officers as to other taxes. Section 9963c makes this clearer by requiring us to read the word "city" into the various sections where the word "county" appears.

Our conclusions in this case apply only to the collection of city taxes in cities of the fourth class. Other cities are governed by different statutes which may or may not compel a different result.

We hold that the taxes of respondent city should be collected by its proper city officers, but in the manner provided by the Jones-Munger Law and not by suit as attempted in the instant case. Accordingly, our provisional rule should be and is hereby made absolute. All concur.