THOMAS H. GILMORE ET AL., Appellants, v. FRANK M. HIBBS and HELEN HIBBS.—152 S. W. (2d) 26.

Division Two, June 10, 1941.

*A. H. Garner* for appellants.

*Elza Johnson* for respondents.

BOHLING, C.—The principal question presented for determination is: May a municipal corporation of the third class proceed under what is commonly known as the Jones-Munger law (Law 1933, p. 425 et seq., S. B. 94) in the sale of real estate for the collection of delinquent taxes? The former owners, Thomas H. Gilmore and others, appellants here, instituted this action to quiet title to certain real estate situate in Carthage (a municipality of the third class), Jasper County, Missouri, against Frank M. Hibbs and Helen Hibbs, purchasers thereof at a delinquent tax sale conducted by the city collector. The case was submitted on stipulated facts. No fraud is charged.

We think statutory provisions evidence a legislative intent to bring cities of the third class generally within the act.

■■ "Where applicable it (the Jones-Munger act) shall also refer to the collector, or other proper officer, collecting taxes in any city or town. Where applicable the word 'county' as used in this act shall be construed 'city' and the words 'county clerk' shall be construed 'city clerk, or other proper officer.' " [Sec. 9963c, Laws 1933, p. 448, Mo. Stat. Ann., p. 8007, Sec. 9963c, now Sec. 11174, R. S. 1939.]

Section 6780, R. S. 1929, of the article relating to municipalities of the third class, provides: "Upon the first day of January of each year all unpaid city taxes shall become delinquent, and the taxes upon real property are hereby made a perpetual lien thereon against all persons in favor of the city. The enforcement of all taxes authorized by this article shall be made in the same manner and under

the same rules and regulations as are or may be provided by law for the collection and enforcement of the payment of state and county taxes. . . ." [Sec. 6926, R. S. 1939, Mo. Stat. Ann., p. 5607, sec. 6780.]

Section 6781, R. S. 1929, specifying certain duties of collectors of cities of the third class, provides: "The city council shall cause the land and lot delinquent list and the personal delinquent list to be returned to the city collector, who shall be charged therewith, and who shall proceed to collect the same in the same manner and under the same regulations as are or may be provided by law for the collection of delinquent lists of real and personal taxes for state and county purposes . . . ." [Sec. 6927, R. S. 1939, Mo. Stat. Ann., p. 5608, sec. 6781.]

Court en Banc in State ex rel. Steed v. Nolte, 345 Mo. 1103, 1104-1106, 138 S. W. (2d) 1016-1018, upon a consideration of statutory provisions (Secs. 6994-6996, R. S. 1929, Mo. Stat. Ann., pp. 5734-5736, now Secs. 7144-7146, R. S. 1939) applicable to cities of the fourth class and identical in all material respects to the above quoted provisions of Secs. 6780 and 6781 applicable to cities of the third class, held that the city of Clayton, a city of the fourth class, should collect its taxes in the manner provided by the Jones-Munger law. Appellants do not question the soundness of State ex rel. Steed v. Nolte. The same result follows with respect to the collection of taxes by cities of the third class generally.

Appellants' brief also mentions Secs. 9970 (re-enacted Laws 1933, p. 450)—9974, inclusive, and Sec. 9944, R. S. 1929 (Mo. Stat. Ann., pp. 8012-8013, 7987, respectively, now Secs. 11202-11206 and 11116, respectively, R. S. 1939) without pointing out why the city of Carthage is to be distinguished from third class cities generally in respect to the collection of city taxes. The material provisions of said sections authorize county collectors to collect delinquent city land taxes (Secs. 9970 and 9971, R. S. 1929). A like contention was presented in State ex rel. Steed v. Nolte (supra, 1. c. 1107[3] and 1019[5-8], respectively), and the court reviewed the history of the legislation, pointed out that Secs. 9970 and 9971 were first enacted in 1872 (Laws 1871-2, p. 118) when no city had a lien for, or the power to collect, city taxes; that City of Aurora ex rel. v. Lindsay (1898), 146 Mo. 509, 48 S. W. 642, held "that the city collector, not the county collector, was the proper officer to collect taxes due a city of the fourth class;" and stated that the statutory provisions mentioned are applicable only to the limited number of cities still returning their delinquent taxes to the county instead of city officers. This latter, from the record, the City of Carthage does not do. Consult State ex rel. v. Edwards (1901), 162 Mo. 660, 666(III), 63 S. W. 388, 390(3), with respect to the authority of collectors of cities of the third class in collecting delinquent personal taxes.

The land was sold for delinquent city taxes on November 1, 1937, and for delinquent state and county taxes on November 4, 1937. In each instance the delinquent taxes were for the years 1932 to 1936, inclusive, and respondents were the purchasers at each sale. Section 9956a, Laws 1933, page 437, provides: "The owner or occupant of any land or lot sold for taxes, or any other persons having an interest therein, may redeem the same at any time during the two years next ensuing [specifying the conditions] . . . ." [Mo. Stat. Ann., p. 8000, now Sec. 11145, R. S. 1939.] Section 9956b, Ibid., extends the time for redemption to infants and others, but no appellant classifies thereunder. On November 2, 1939, appellants complied with the provisions of the law for redemption from the county collector's sale and, contending that the liens for state and county taxes are paramount to the lien for city taxes, assert theirs is the paramount title. There is no contention that respondents acquiesced in or accepted appellants' redemption from the sale by the county collector. Section 9957, Laws 1933, page 438, provides, in part: "If no person shall redeem the lands sold for taxes within two years from the sale, . . . the collector . . . shall execute to the purchaser, his heirs or assigns, in the name of the state, a conveyance of the real estate so sold, which shall vest in the grantee an absolute estate in fee simple" et cetera. [Mo. Stat. Ann., p. 8002, now Sec. 11149, R. S. 1939.] Section 9954a, Laws 1933, page 434, provides, in so far as material, that the purchaser of land at a sale for delinquent taxes "shall at any time after one year from the date of sale be entitled to the immediate possession of the premises so purchased during the redemption period provided for in this act, unless sooner redeemed . . . ." [Mo. Stat. Ann., p. 8000, now Sec. 11135, R. S. 1939.] We understand respondents went into possession of the land involved about November 1, 1938. Respondents had an incohate title pending the expiration of the redemption period. Appellants' redemption, under the record, was effective to restore their title as it stood before the sale by the county collector and prevented any conveyance passing the lien for state and county taxes. A fallacy of appellants' position is that they do not hold under any lien for State or county taxes. They merely discharged an existing obligation affecting their title and relieved it from the burden of the obligation discharged. They acquired no new or greater title. The case presents no issue involving any priority of liens or rights arising between purchasers at delinquent tax sales by county and city collectors. [Consult 61 C. J., p. 1287, sec. 1788.]

Appellants attempted to redeem the land on November 2, 1939, from the sale of November 1, 1937, by the city collector. They say "the evidence showed that the (city) tax certificate was issued on the 3rd day of November, 1937," and contend, based upon the asserted issuance of the certificate on November 3, 1937, said attempted

redemption was within the two years mentioned in Sec. 9956a, quoted supra. For some undisclosed reason, appellants fail to abstract the city's "certificate of purchase," offered as an exhibit, merely stating it was turned in to the city collector. The record does not sustain their assertion it was issued on November 3, 1937. The agreed statement of facts states that respondents "received" the certificate of purchase on November 3, 1937; but appellants' petition states said certificate was issued November 1, 1937, and the deed to respondents, which by Sec. 9957a, Ibid., is made prima facie evidence ". . . . of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings," et cetera, explicitly recites that the certificate of purchase bears date "of the 1st day of November, 1937." The record does not present for determination the issue attempted to be injected by appellants.

What we have said rules the case against appellants. The judgment is affirmed. *Cooley* and *Westhues,* CC., concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.