By the Court.
 

 This is an action in injunction brought by the city of Cleveland against the county auditor and county treasurer of Cuyahoga county, and the board of trustees of the Cleveland Public Library, wherein the city seeks to enjoin the county officials from distributing certain tax moneys obtained under what is known as the Intangible Tax Law, except in accordance with the provisions of law as the same existed on January 1, 1933, and prior to the enactment of Am. Sub. Senate Bill No. 239, passed by the General Assembly of Ohio on March 22, 1933. The cause having been appealed to the Court of Appeals of Cuyahoga county, that court sustained the demurrer of the county officials to the city’s petition, and overruled a demurrer filed by the city to the answer of the board of trustees of the Cleveland Public Library;
 
 *92
 
 that court holding that the provisions of Am. Sub. Senate Bill No. 239, respecting distribution of intangible taxes, were constitutional and valid. The Court of Appeals thereupon dismissed the city’s petition and rendered judgment against it. That judgment is now in this court for review.
 

 In
 
 Friedlander, County Treas.,
 
 v.
 
 Gorman, Pros. Atty.,
 
 126 Ohio St., 163, 184 N. E., 530, decided February 7, 1933, this court held that certain distributive features of the original intangible tax law were constitutionally invalid. Thereupon, and presumably because of that decision, the Legislature of the state passed Am. Sub. Senate Bill No. 239, providing that certain amounts of intangible taxes collected should be apportioned among, public libraries and township park districts. These amounts were in part collected, in part in the process of collection, and undistributed, when the Senate amendment of 1933 was adopted. Counsel for the city contend that the provisions of Am. Sub. Senate Bill No. 239, especially the features relating to the distribution to public libraries and park districts, were violative of certain provisions of the Ohio Constitution, notably Article II, Section 28, which provides that the General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; and also of the provisions of Article XII, Section 5, of the same Constitution, which provides that “no tax shall be levied, except in pursuance of law; and every law imposing a tax, shall state, distinctly, the object of the same, to which only, it shall be applied.”
 

 Counsel for the parties have furnished elaborate briefs in support of their respective contentions, attacking and upholding the constitutional validity of Am. Sub. Senate Bill No. 239. We shall'not advert to the many authorities cited by counsel, but shall simply state the conclusions at which we have arrived.
 

 No governmental subdivision of the state has any
 
 *93
 
 vested right, at least until distribution is made, in any taxes levied and in the process of collection. Until such distribution is made the Legislature of Ohio is fully competent to divert the proceeds among those local subdivisions as it deems best to meet the emergencies which it finds to exist. So far as any political subdivision of the state is concerned there can be no vested right, although a case might arise where private interests might intervene and be so affected as to give rise to a vested interest. The provisions of Am. Sub. Senate Bill No. 239, so far as they relate to the future distribution of the proceeds of the taxes, are not retroactive, but prospective, in character, and are not violative of Section 28 of Article II of the Constitution; nor can it be said that the city had any contractual obligation with the state which was impaired by the passage of Am. Sub. Senate Bill No. 239.
 

 We are of the opinion that the provisions of Am. Sub. Senate Bill No. 239 are not violative of Article XII, Section 5 of the state Constitution. In other states having similar constitutional provisions, their courts, with substantial unanimity, have held that such a constitutional provision pertains to the levying and distribution of general taxes for state purposes and not to taxes levied and distributed for local purposes. We have heretofore held in the
 
 Friedlander case, supra,
 
 that the original Intangible Tax Law, in respect to its distributive features, did not levy and distribute the proceeds of these taxes for state purposes.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Allen, Bevis, Stephenson, Jones and Matthias, JJ., concur.