Williams, J.
 

 This action in mandamus, originating in this court, was instituted by the state of Ohio, on the relation of Dudley Miller Outcalt, prosecuting attorney of Hamilton county, Ohio, against George Guckenberger, auditor of Hamilton county, and Joseph Berning, treasurer of that county, as respondents, to compel them to charge real estate and certain property other than real estate, on which taxes are delinquent, with the penalties, interest and other charges as provided by Section 5678, General Code, and kindred sections.
 

 The relator challenges the constitutionality of the Whittemore Acts which are as follows: Am. S. B. 42, 115 Ohio Laws, part 1, 161, effective April 5, 1933; H. B. 663, 115 Ohio Laws, part 1, 544, effective July 18, 1933; Am. S. B. 24, 115 Ohio Laws, part 2, 78, effective September 22, 1933; Am. S. B. 23, 115 Ohio Laws, part 2, 228, effective April 12, 1934; Am. S. B. 105, 115 Ohio Laws, part 2, 332, effective December 13, 1934; S. B. 359, 116 Ohio Laws, part 2, 14, effective October 1, 1935; Am. S. B. 474, 116 Ohio Laws, part 2, 314, effective April 5, 1937; Am. Sub. S. B. 87, 117 Ohio Laws, part 1, -, effective February 24, 3937; Am. H. B. 828, 117. Ohio Laws, part 2, -, effective March 14, 1938.
 

 
 *459
 
 It is not deemed necessary to quote these acts as they all provide for remission of penalties, interest and charges on delinquent taxes, if the taxes are paid within a certain time; but these acts' differ as to the time payment must be made, those acts after the first providing for further extension.
 

 It is the contention of relator that this provision for remission renders the acts unconstitutional.
 

 The first of the acts contains the following emergency recital: “This act is' hereby declared to be an emergency law immediately necessary for the preservation of the public peace, health and safety. The reason therefor lies in the fact that general economic conditions have made it impossible for many taxpayers * # * to pay taxes * * * whereby the amount and proportion of delinquent taxes * * # have greatly increased in substantially all the counties * * * and the taxing-district [districts] * * * have thereby suffered substantial failure in revenue, and have been curtailed and impaired in the performance of their necessary functions of government; so that it is immediately necessary to provide an inducement for the prompt payment of such taxes * * * and a means whereby taxpayers can more conveniently discharge their public obligations * * * to the end that the amount of such delinquency may be quickly reduced.”
 

 The penalties imposed for non-payment of taxes are intended as an inducement to taxpayers to pay taxes when due. It is a matter of common knowledge that during the depression, which began in the latter part of 1929 and extended into the years, the desire to avoid penalties did not bring* taxes into the public treasury as effectively as in normal times and, to a startling-degree, taxes remained unpaid and became delinquent with the incidental accumulation of penalties, interest and charges'. The result was a chaotic condition which if not remedied might result in a breakdown
 
 *460
 
 in government from failure to meet public obligations because of lack of revenue. Thereupon the Legislature through the Whittemore Acts undertook to alleviate this condition by remitting penalties, interest and charges as an inducement to the taxpayer to pay taxes within a specified time; but if payment should not be made within the time limit,- the penalties were to remain in force. The intent, therefore, in remission of penalties was the same as1 that which prompted their imposition in'the first place; in each instance the objective sought was the facilitation of tax collections.
 

 It is true that the Legislature was confronted with •an emergency; but an emergency does not confer legislative power which otherwise would not exist because of constitutional limitations'. This court cannot justify the legislation merely upon the ground that it was enacted to meet an emergency; however, the emergency of the depression did bring about an economic and financial situation which called for legislative action, and in order to expedite the collection of a vast amount of taxes that had become delinquent, the Whittemore Acts were passed.
 

 This court is not dealing here with the question of taxes but with penalties, interest and charges which until paid or reduced to judgment are not themselves in any sense taxes. It is generally held that a tax is not a debt, and interest charged on delinquent taxes is generally not regarded as compensation for forbearance in collecting the principal amount due but is in the nature of a penalty.
 
 Livesay
 
 v.
 
 DeArmond,
 
 131 Ore., 563, 284 P., 166, 68 A. L. R., 422;
 
 State, ex rel. First Thought Gold Mines, Ltd.,
 
 v.
 
 Superior Court for Stevens County,
 
 93 Wash., 433, 161 P., 77. It was said in the case of
 
 State, ex rel. Pierce, Gov.,
 
 v.
 
 Coos County,
 
 115 Ore., 300, 237 P., 678: “We have heretofore held that the increased percentage and other
 
 *461
 
 burdens prescribed by tbe Legislature for nonpayment of taxes, are in tbe nature of penalties and are not part of the taxes.”
 

 This court is aware of what was said in comparing penalty and interest, in
 
 Miller, Pros. Atty.,
 
 v.
 
 Lakewood Housing Co.,
 
 125 Ohio St., 152, 156, 180 N. E., 700, 81 A. L. R., 1239; but the language there employed is
 
 obiter dicUim.
 
 Though interest and penalty are not identical, and penalty does not include interest, yet interest, strictly speaking, not being upon a debt, is in the nature of a penalty, as heretofore stated, and like a penalty is imposed to induce payment of the tax before • it becomes delinquent. At any rate, interest, as well as penalties and charges, before collection or reduction to judgment, may not be considered taxes, but stand on a different footing.
 

 Various reasons for the unconstitutionality of the Whittemore Acts have been urged. In other jurisdictions it has been held that penalties, interest and other charges on unpaid delinquent taxes may be remitted by enactments of the Legislature and no constitutional guaranties are violated.
 
 Livesay
 
 v.
 
 DeArmond, supra,
 
 and annotation in 68 A. L. R., at page 431;
 
 Jones
 
 v.
 
 Williams, Collector,
 
 121 Tex., 94, 45 S. W. (2d), 130, 79 A. L. R., 983, and annotation at page 999;
 
 State, ex rel. McKittrick, Atty. Genl.,
 
 v.
 
 Bair, Collector,
 
 333 Mo., 1, 63 S. W. (2d), 64;
 
 State, ex rel. Crutcher,
 
 v.
 
 Koeln,
 
 332 Mo., 129, 61 S. W. (2d), 750.
 

 This court is of the opinion that no constitutional rights are contravened by ' the Whittemore Acts insofar as they undertake to remit penalties, interest and charges. In this respect those acts do not violate Section-26 of Article II of the Ohio Constitution, which requires that laws of a general nature shall have uniform operation throughout the state, for they operate uniformly throughout the territory of the whole state and equally and alike upon all persons
 
 *462
 
 and property similarly situated and intended to be brought within their operation
 
 (State, ex rel. Atkins,
 
 v.
 
 Lawler,
 
 53 N. D., 278, 205 N. W., 880;
 
 State, ex rel. Wirsch,
 
 v.
 
 Spellmire,
 
 67 Ohio St., 77, 65 N. E., 619;
 
 Assur
 
 v.
 
 City of Cincinnati,
 
 88 Ohio St., 181, 102 N. E., 702;
 
 Miller
 
 v.
 
 Korns, Aud.,
 
 107 Ohio St., 287, 140 N. E., 773;
 
 Squire, Supt.,
 
 v.
 
 Bates,
 
 132 Ohio St., 161, 169, 5 N. E. [2d], 690); nor Section 2 of Article XII of our state Constitution, which requires taxation of real estate by uniform rule, for the reason that they concern not taxation or even the collection of taxes but the remission of penalties, interest and charges; nor the equal protection clauses of the state and federal Constitutions (Section 2, Article I, Ohio Constitution, and Section 1 of the Fourteenth Amendment, United States Constitution), for the reason they are not discriminatory but apply to all of one class, namely, delinquent taxpayers who have not paid their taxes, and the classification is not unreasonable nor arbitrary (8 Ohio Jurisprudence, 636;
 
 Assur
 
 v.
 
 City of Cincinnati, supra; Carmichael
 
 v.
 
 Southern Coal & Coke Co.,
 
 301 U. S., 495, 509, 81 L. Ed., 1245, 57 S. Ct., 868;
 
 State, ex rel. Struble,
 
 v.
 
 Davis et al., Tax Commission,
 
 132 Ohio St., 555, 9 N. E. [2d], 684;
 
 Ohio Oil Co.
 
 v.
 
 Conway, Supervisor,
 
 281 U. S., 146, 74 L. Ed., 775, 50 S. Ct., 310; 61 Corpus Juris, 124); nor Section 28, Article II of the state Constitution, which forbids the General Assembly to pass retroactive laws, for the reason that the acts are prospective in character — they do not interfere with vested rights' acquired under existing laws, impose a new duty, attach a new disability, or create a new obligation with respect to transactions or considerations already past (Mr. Justice Story in
 
 Society for Propagation of Gospel
 
 v.
 
 Wheeler,
 
 2 Gall., 105, Fed. Cas. No. 13156;
 
 Safford, Supt. of Ins.,
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 119 Ohio St., 332, 335 and 336, 164 N. E., 351) — the subdivisions of the state have
 
 *463
 
 .no vested rights in unpaid penalties, interest and charges on uncollected delinquent taxes
 
 (City of Cleveland
 
 v.
 
 Zangerle, County Aud.,
 
 127 Ohio St., 91, 186 N. E., 805) — by the Whittemore Acts, the Legislature has merely provided a different remedy for the collection of such taxes, there is no question of the right of the state to change the remedy, and, in doing so, vested rights remain unaffected
 
 (State, ex rel. McKittrich,
 
 v.
 
 Bair,
 
 supra); nor a denial of due process for the reason that, as said, vested rights are not impaired nor affected
 
 (Demoville & Co.
 
 v.
 
 Davidson County,
 
 87 Tenn., 214, 10 S. W., 353;
 
 Henry, Exr.,
 
 v.
 
 McKay, Treas.,
 
 165 Wash., 526, 3 P. [2d], 145, 148; Black’s Constitutional Prohibitions, Section 221). Moreover it can hardly be said that the state, acting for itself and its political subdivisions, denied itself due process by passing legislation deferring penalties, in order to stimulate the payment of taxes.
 

 It is urged, however, that this position is inconsistent with the one taken in
 
 State, ex rel. Crotty,
 
 v.
 
 Zangerle, Aud.,
 
 133 Ohio St., 532, 14 N. E. (2d), 932, in which this court held unconstitutional the amended Ogrin Act which provided for the refund of penalties, interest and other charges that had been paid at the same time as the taxes. 'In reading the opinion in that case the language should not be disassociated from the facts, nor the nature of the statutes under judicial interpretation be disregarded. It was pointed out in that opinion that penalties, interest and other charges which had been paid in discharging tax obligations became, by express provisions of the statutes, a part of the taxes collected and distributed to the subdivisions of the state. After payment into the public treasury in the course of tax collection, penalties, interest and charges cannot be refunded through legislative enactments. But there is a distinction. Penalties, interest and charges, when commingled with taxes in a
 
 *464
 
 common fund as a result of collection, are taxes so far as the power of the General Assembly to pass legislation for their refund is concerned, but before collection are not.
 

 The argument advanced seems to be that the amended Ogrin Act (117 Ohio Laws, —) and the Whittemore Acts must stand or fall together. It is urged that there is discrimination if taxpayers, who have paid taxes' and penalties, may not have refund of penalties, but taxpayers, who are delinquent, may have remission of accrued penalties on payment of the taxes. Adherence to such a principle would make the law practically unchangeable as to accrued penalties, unless proportionate refund should be allowed for all penalties paid. Those who make that argument to justify the amended Ogrin Act as valid overlook the fact that that act permits refunds of “penalty, interest or other charge paid” during the period between June 20, 1930, and January 1, 1937,. but not of any penalty, interest or charge paid prior or subsequent to that period. Is this classification discrimination? The argument seems to defeat itself.
 

 The relator relies upon the case of
 
 State, ex rel. Hostetter,
 
 v.
 
 Hunt et al., Exrs.,
 
 132 Ohio St., 568, 9 N. E. (2d), 676. There the court had before it the question of the remission of taxes, and the penalties thereon were merely incidental. If the case at bar involved the remission of taxes a different question would be presented.
 

 The Whittemore Acts are nothing more than legislation calculated to clear up arrearages in the payment of taxes and are reasonably calculated to facilitate tax collections. It seems certain and indisputable that none of the provisions of the federal and state Constitutions was intended so to manacle and shackle legislatures that they could not remit accrued charges against delinquent taxpayers for the purpose of aid
 
 *465
 
 ing in the collection of taxes when it became evident that such charges no longer accomplished the purpose for which they were’ imposed but hindered and delayed the collection.
 

 The Whittemore Act, Am. S. B. 24, 115 Ohio Laws, part 2, 78, contains the following: “Provided that in ease a penalty has been paid on account of delinquent taxes and/or assessments for the first or second half of the year 1932, such penalty shall be refunded on order of the county auditor directed to the county treasurer provided the principal sum of such taxes and assessments is paid prior' to the twentieth day of Oc- , tober, 1933, or thereafter, during an extension of the tax commission [sic] for payment of the second half of the 1932 taxes, under the provisions of Section 2657, General Code.”
 

 That part of the enactment provides for a refund of a penalty already paid and is therefore invalid and unconstitutional under the pronouncement is
 
 Stats, ex rel. Crotty,
 
 v.
 
 Zangerle, Aud., supra,
 
 but since the part quoted may be separated from the other provisions their validity is not affected thereby.
 

 In our judgment the Whittemore Acts (except insofar as they provide for refund of penalties) constitute a valid exercise of legislative power and are constitutional.
 

 , The amended petition does not state a cause of action, the general demurrer thereto is1 sustained, and the writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Myers and Gorman, JJ., concur.