Williams, J.
 

 An inheritance tax having been paid at the highest possible rate pursuant to a temporary order, and the Probate Court having made a final assessment and determination in accordance with the ulti
 
 *483
 
 mate succession at a lower rate and ordered a refund of the excess of the tax and interest paid under such temporary order, the Tax Commissioner raises certain questions respecting the amount of the refund. The answers to these questions, which will be considered in order, depend upon the proper construction of the following statutory provisions:
 

 Section 5338, General Code: “Taxes levied by this subdivision of this chapter shall be paid to the treasurer of the county in which the court having jurisdiction of proceedings under this subdivision of this chapter is held by the person or persons charged with the payment thereof. If such taxes are not paid within one year after the accrual thereof, interest at the rate of eight per centum per annum shall thereafter be charged and collected thereon; unless by reason of claims made upon the estate, necessary litigation, or other unavoidable causes of delay, such taxes cannot be determined and paid as hereinbefore provided, in which case interest at the rate of five per centum per annum shall be charged upon such taxes from the expiration of one year after the accrual thereof until the cause of such delay is removed, after which eight per centum shall be charged. If such taxes are paid before the expiration of one year after the accrual-thereof, a discount of one per centum per month for each full month that payment has been made prior to the expiration of the year, shall be allowed on the amount of such taxes.”
 

 Section 5343, General Code: “When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions whereby they may be wholly or in part created, de-. feated, extended or abridged, a tax shall be imposed upon such successions at the highest rate which, on the happening of any such contingencies or conditions, would be possible under the provisions of this subdi
 
 *484
 
 vision of this chapter, and such taxes shall be due and payable forthwith out of the property passing, and the Probate Court shall enter a temporary order determining the amount of such taxes in accordance with this section; but on the happening of any contingency whereby the said property, or any part thereof, passes sc that such ultimate succession would be exempt from taxation under the provisions of this subdivision _ of this chapter, or taxable at a rate less than that so imposed and paid, the successor shall be entitled to a refunder of the difference between the amount so paid and the amount payable on the ultimate succession under the provisions of this chapter, without interest; and the executor or trustee shall immediately upon the happening of such contingencies or conditions apply to the Probate Court of the proper county, upon a verified petition setting forth all the facts, and giving at least ten days’ notice by mail to all interested parties, for an order modifying the temporary order of. said Probate Court so as to provide for a final assessment and determination of the taxes in accordance with such ultimate succession. Such refunder shall be made in the manner provided by Section 5339 of the General Code.”
 

 Section 5343-1, General Code: “When the court makes the final assessment and determination of tax in accordance with the ultimate succession as provided in Section 5343 it shall determine the excess amount, if any, paid under the temporary order and for which refunder should be made. This amount so determined shall bear interest, .to be computed by the court and included in the order of refunder, at the rate of three per cent per annum from the date of the payment thereof pursuant to the temporary order until the date on which the final assessment and determination is made, but in no case longer than one year after the happening of the contingency7, or the termination of
 
 *485
 
 the condition, by reason of the existence of which the temporary order was made, to be charged equally against the state and the township or municipality sharing in the tax and to be paid as other refunders. Interest at the same rate shall also be allowed and paid on all excess amounts which may hereafter be found to have been paid in under temporary orders prior to the time at which this act takes effect but in such cases such interest shall begin to run from the taking effect of this act only.”
 

 Was the proper amount of interest paid into the county treasury under the temporary order?
 

 The tax having been paid in instalments and no interest having been paid on any instalment after its payment, the Tax Commissioner maintains that the whole tax bore interest until the last instalment was paid. Although the statute is silent as to whether the tax may be paid in instalments, the county treasurer, in his discretion^ accepted payment in this manner. The statute merely provides that interest at the rate of eight per cent per annum (or five per cent in certain instances) shall “be charged and collected.” Such a provision does not require the payment of interest on any instalment that has been paid in and accepted by the county treasurer. The proper amount of interest was therefore paid on the amount of tax fixed by the temporary order.
 

 Did the Probate Court comply with the statutes in fixing the amount of the refund?
 

 What the court did was to determine the amount of tax payable upon the ultimate succession that eventualized when the son reached 25 years of age, add to that amount interest at the rate of five per cent per annum for the period ending November 17, 1937, and at the rate of eight per cent per annum for the proper period thereafter, and order a refund of all the tax
 
 *486
 
 and interest paid under the temporary order in excess of the amount of the tax and interest so determined.
 

 Counsel for the' Tax Commissioner contend that there should be no refund of interest which in their brief is called “penalty interest.” The only logical foundation upon which counsel’s contention can rest is that what is termed “interest” in the statute is in law a penalty. It is therefore important to determine whether the interest paid into the county treasury under the temporary order was in reality interest and not penalty.
 

 Penalty and interest are not identical of course. Yet interest imposed upon a tax by statute may often be regarded as in the nature of a penalty, and is not deemed a part of the tax proper up to the time the tax and interest are paid into the public treasury or reduced to judgment.
 
 State, ex rel. Outcalt, Pros. Atty.,
 
 v.
 
 Guckenberger, Aud.,
 
 134 Ohio St., 457, 461, 17 N. E. (2d), 743. That interest is in the nature of penalty does not
 
 ipso facto
 
 make it a penalty in the absolute sense.
 

 There are many authorities upon this question and to endeavor to reconcile them would be unavailing. When they are considered together, it is made plain that what is denominated interest in a statute may be a penalty but, whether it is, depends upon the context of the statute and the interpretation that its language requires. Accordingly, the fact that the statute uses the term “interest” is not conclusive, although entitled to great weight. When the rate of interest provided for exceeds the normal rate fixed by law, interest is frequently interpreted to mean a penalty, but when the normal rate is not exceeded, interest is usually not deemed a penalty.
 
 In re Beardsley & Wolcott Mfg. Co.,
 
 82 F. (2d), 239, 104 A. L. R., 881, and annotation.
 

 The rate of interest fixed with the respect to inheritance taxes, payable under a temporary order, is with
 
 *487
 
 in the range fixed by statute with the respect to the payment of ordinary interest. Eight per cent per annum is the maximum that can be set by contract, and five per cent per annum is below the amount (six per cent per annum) that may lawfully be collected as damages for the withholding of money due and payable. So the implication arises that the legislative intent was that the percentages fixed were in fact interest.
 

 There are, however, other factors which bear upon the meaning of the word “interest” as used in the statute and which will assist in arriving at a conclusion.
 

 The inheritance tax provisions of the statutes are
 
 in pari materia
 
 and must be construed together. In these kindred statutes the General Assembly has made a distinction between interest and penalty. In the sections quoted above the word “interest” is used without mention of the word “penalty” but in Section 5345-5 the term “penalty” is used. That section authorizes the imposition of a penalty of fifteen per cent for failure to give notice as required or failure to file application for determination of inheritance tax within the prescribed time, and a penalty of twenty-five per cent for filing a false or fraudulent notice or application. This use of the terms “interest” and “penalty” in contradistinction to each other discloses an intent on the part of the Legislature to use each of them in its ordinary and generally accepted meaning.
 

 Under .Section 5343, specifically applied to the instant case, the-amount of the refund would be the “difference between the
 
 amount so paid
 
 and the amount-payable on the ultimate succession under the provisions of this chapter [Part Second, Title I, Chapter 2] without interest.” It is necessary, then, to determine what is to be included in the “amount so paid,”
 
 *488
 
 when considered in the light of all germane statutory provisions.
 

 Counsel for the Tax Commissoner contend that $2,910.98 is the proper amount of the refund except that there be deducted from that amount the sum of $605.78, which is the claimed deficiency in the interest paid into the county treasury under the temporary order, up to October 6, 1941, and that the latter amount bears interest at eight per cent per annum from that date. Were this contention of counsel to prevail, there would be left in the treasury $2,559.41 (exclusive of interest on the item of $605.78) or a little less than four times the tax as finally assessed, or by disregarding the item of $605.78 and interest thereon, because improper, nearly three times such tax.
 

 It is a'rule of statutory construction that the objectives of the statute should be preserved. Let us test the statutory provisions by applying this rule, under the assumption that such contention as to the amount of the refund is sound. The purpose of payment at the highest rate is the protection of the state and subdivisions pending the happening of contingencies. Where contingencies happen that justify a tax at the highest rate possible and require no “refunder,” the interest could not exceed eight per cent per annum; but when contingencies happen that require the ultimate succession to be taxed at a lower rate, the interest retained in the public treasury would be the same in amount as if a tax at the highest rate were justified, but would far exceed eight per cent per annum on the tax finally assessed. (In the instant case if $2,559.41 were .left in the treasury the interest rate would be about 35 per cent and by disregarding the item of $605.78, the interest rate would be about 25 per cent.) Dependent upon contingencies, the result would be the smaller the tax the greater the interest rate. A construction of the statute which would sustain such a contention
 
 *489
 
 would work discrimination and therefore could not be said to be in accordance with the purpose and intent of the legislation which imposes “interest” at not exceeding eight per cent per annum upon all successions. Moreover, after the inheritance tax at the highest rate, with interest, is paid into the public treasury, interest is to be held and treated as part of the tax. Accordingly, for the purpose of determining the refund to be made, the “amount so paid” may well and properly include the interest as well as the original tax collected under the temporary order.
 

 Giving consideration to the term “interest” as used in Section 5338 of the General Code, and to all the other factors which tend to show that such term was not used in the sense of penalty, we are constrained to hold that the Probate Court complied with the statutes in fixing the amount of the refund, so as to include the excess of both tax proper and interest.
 

 What interest does the refund bear? In the portion of Section 5343 just quoted the words “without interest” refer to interest on the amount of the refund. This provision with respect to snch interest is modified by the later Section 5343-1 (effective July 10, 1925), by the terms of which, interest is now payable on the amount refunded at the rate of three per cent per annum for the period specified in that section. Such Ínteres! is to be computed by the court and included in the amount of the “refunder.” The total amount thereof would be the excess of the tax and interest paid in under the temporary order plus interest on the amount of such excess, at the rate of three per cent per annum. In the instant case the court allowed interest only from the date the last instalment was paid. No question is made on this action of the court.
 

 The Probate Court properly applied the statutes in making the final assessment and the Court of Appeals
 
 *490
 
 did not err in affirming the judgment. The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart and Bell, JJ., concur. Matthias, Zimmerman and Turner, JJ., dissent.