IN RE APPLICATION OF VILLAGE OF EASTLAKE FOR DIVISION OF TOWNSHIP FUNDS AND ASSETS: TOWNSHIP OF WILLOUGHBY, APPELLANT, *v.* VILLAGE OF EASTLAKE, APPELLEE.

(No. 485—Decided March 16, 1950.)

*Mr. Thomas H. Blakely,* prosecuting attorney, and *Mr. A. C. Knight,* for appellant.

*Mr. Wayne E. Davis,* for appellee.

GRIFFITH, J.  This proceeding involves the question of a proper division with the village of Eastlake of the real and personal property of the township of Willoughby and of the funds for township purposes in the treasury or in the process of collection.

The village of Eastlake became a municipal corporation on September 9, 1948, it being a part of the area formerly included in the township.  The first election of municipal officers was held on January 11, 1949.  On January 25, 1949, the village filed its application with the Probate Court of Lake County for a division of funds pursuant to Section 3544 and related sections of the General Code.

The matter came on for hearing on May 27, 1949, before the Probate Court of Lake County, and was submitted on an agreed statement of facts and stipulations of counsel for the township of Willoughby and the village of Eastlake.

From the judgment and order of the Probate Court the township filed an appeal on questions of law, and a

few days later the village filed an appeal (or cross-appeal) on questions of law.

The township assigns nine errors of law in the finding of the trial court, whereas the village assigns three errors of law.

The township's claimed errors are as follows:

1. The court erred in holding that the "special assessment fund" is subject to division.

2. The court erred in holding that the "firemans indemnity fund" is subject to division.

3. The court erred in holding and directing the township to pay to the village certain amounts of money received from liquor permits.

4. The court erred in directing the township to take care of the roads in the village through the year 1949.

5. The court erred in finding that the only factor to consider in making distribution is the relative tax duplicate values.

6. The court erred in excluding evidence offered by the township of services rendered to the village by the township, between October 1, 1948, and March 15, 1949, and the payment of a debt by the township to the Cleveland Electric Illuminating Company for street lights in the village.

7. The court erred in finding that the village was entitled to receive its proportionate share of taxes after October 1, 1948, and up to and including February 1949.

8. The court erred in considering facts not in evidence.

9. The decision is contrary to law, and against the weight of the evidence.

The village's claimed errors are:

1. The court erred in holding that the funds on hand, arising out of the general levy upon real and personal property, is not subject to division.

2. The court erred in holding the general fund is not subject to division.

3. The court erred in holding the gasoline or liquid fuel tax funds are not subject to division.

This, therefore, is an appeal on questions of law from the findings and orders of the Probate Court, wherein each the township and the village is aggrieved.

The matter was submitted upon the following agreed statement of facts:

(1) The village of Eastlake was incorporated out of the territory of Willoughby township, the recording of the transcript of proceedings relating thereto being on September 9, 1948.

(2) October 1, 1948, shall be the date as of which the division of funds and assets owned by the township, or in the process of collection, shall be made.

(3) Exhibit "A" sets forth the tax duplicate of the township exclusive of all municipalities except Eastlake and the tax valuation of Eastlake.

(4) Exhibit "B" sets forth the funds in the treasury of the township as of October 1, 1948, funds in the process of collection, personal property and real estate.

(5) Exhibit "C" sets forth the delinquent township special assessments; delinquent real estate taxes, including school, county and township taxes; and the percentage of the real estate taxes due the township.

(6) The township levy of taxes equals 14.9 per cent of the total 1948 tax levy for county, school and township.

(7) Exhibit "D" constitutes an inventory of the township personal property as of October 1, 1948, and the value thereof.

(8) In addition thereto the township owned office furniture having a value of $200.

(9) Exhibit "E" is an agreement whereby certain personal property was transferred and delivered to the village, the property having a value of $10,728.25.

(10) Exhibit "F" sets forth a schedule of accounts and notes payable by the township as of October 1, 1948, and there is no other outstanding debt owing by the township, as of that date.

(11) There is due from the Department of Highways, by the state of Ohio, the sum of $700, from June 1, 1948, to January 1, 1949.

(12) The township received, from taxes and other sources, $28,819.54, from October 1, 1948, to January 1, 1949.

(13) The township received from taxes and other sources, from January 1, 1949, to February 28, 1949, $1,242.

(14) The village has received $172 per month from sales tax during 1949.

(15) Notice of the filing of the application of the village, for the division of funds, was duly served according to law.

(16) There was due the township upon uncollected accounts, other than the $700 due from the State Highway Department, $36 as of October 1, 1948, and there is due $36, from October 1, 1948, to January 1, 1949.

(17) The township received, during the year 1948, $91,374.35 from all sources.

(18) The board of trustees of the township expended $117,769.39 during the year 1948.

(19) The township has requested and received an advance of $4,300, from the treasurer of Lake county, against taxes in the process of collection; such advance to be charged against the road fund.

(20) The township has paid the Cleveland Electric Illuminating Company, for street lights located within

the corporate limits of the village of Eastlake, $635.10.

The concluding sentence in Section 3544, General Code, reads: ''The findings and orders of the Probate Court shall be final.''

May there be an appeal from the judgment of the Probate Court on questions of law?

Section 6, Article 4 of the Ohio Constitution, provides such appellate jurisdiction and answers that inquiry in the affirmative.

As to the township's assigned errors 1, 2, 3, 5, 6, 7, 8 and 9, we conclude that the trial judge committed no error, and we affirm the conclusions reached.

As to the township's assigned error 4, ''that the court erred in his findings and in directing the township to take care of the roads in the village down through the year of 1949,'' the trial court ordered the township to furnish the necessary labor and materials for the purpose of constructing, maintaining, widening, reconstructing and repairing roads and highways within the village to such an extent as funds are available from moneys received under Section 5542-1, General Code, and, upon the same basis as heretofore furnished by the township, such labor and materials to be furnished for the period from October 1, 1948, to January 1, 1950.

There is no authority in law for the court to make such an order. This is a statutory proceeding, under Section 3544, General Code, and the court shall make a proper division of the real and personal property of the township, but may not go beyond the provisions of this statute.

Had the township and the village followed and carried out this order in spirit and in truth, it is more than likely that both would have benefited thereby. This case was tried to a painstaking and competent trial judge, and he had only the best interests of the

township and village before him in the making of this order.

The village contends that the funds of the township on hand or in the process of collection and arising out of the general levy upon real and personal property, the general fund and the gasoline or liquid fuel tax funds are subject to division.

The court held otherwise and apparently based its opinion on the holding in the case of *Northfield Township* v. *Village of Macedonia*, 22 C. C. (N. S.), 50, 33 C. D., 445.

The court in that case quoted Section 5, Article XII of the Constitution, and held that this provision of the Constitution "forbids the division of the proceeds of any tax levied for township purpose unless the laws provide for a correlative village purpose, to which a proper part of it may still be applied in the village which has been created from the township, and which helped to produce the fund."

Section 5, Article XII of the Constitution, provides:

"No tax shall be levied, except in pursuance of law; and every law imposing a tax, shall state, distinctly, the object of the same, to which only, it shall be applied."

Considering Sections 5625-3, 5625-4 and 5625-5, General Code, we believe that the funds from the general levy are equally applicable to village purposes as well as to township purposes.

In the case of *City of Cleveland* v. *Zangerle, County Aud.*, 127 Ohio St., 91, 186 N. E., 805, the court said:

"We are of the opinion that the provisions of Am. Sub. Senate Bill No. 239 are not violative of Article XII, Section 5 of the state Constitution. In other states having similar constitutional provisions, their courts, with substantial unanimity, have held that such a constitutional provision pertains to the levying and

distribution of general taxes for state purposes and not to taxes levied and distributed for local purposes."

As to the matter of the gas tax funds, Section 5541, General Code, sets forth the purpose of the tax as being "also for enabling the several counties, townships and municipal corporations of the state properly to construct, widen, reconstruct and maintain their public highways, roads and streets * * *."

The purpose was to aid both township and village with respect to their roads and streets.

We believe, therefore, that the court should have ordered a division of (a) funds on hand, or in the process of collection, arising out of the general levy, (b) the general fund and (c) the gasoline or liquid fuel fund, in proportion to the respective duplicates.

With this modification, the judgment of the lower court is hereby affirmed.

*Judgment modified and, as modified, affirmed.*

PHILLIPS, P. J., and NICHOLS, J., concur.