THE STATE OF OHIO, APPELLANT, *v.* ACME SCRAP IRON &
METAL, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* RICHMOND, APPELLEE.

(Nos. 785 and 786—Decided May 20, 1974.)

*Mr. Bruce Cryder*, for appellant.
*Mr. Charles Diamond*, for appellees.

COOK, J. This is an appeal from a judgment of the
Ashtabula Municipal Court.

On March 20, 1973, the Attorney General of Ohio filed
criminal affidavits against the defendants, appellees here-
in, charging them with a violation of Ohio air pollution
control regulation AP-3-08 and R. C. 3704.05(G). On May
31, 1973, defendants filed motions to quash the affidavit. The
trial court, on August 15, 1973, granted the motions for
the reason that R. C. 3704.01 *et seq.* are in contravention of
Section 1, Article II, Section 26, Article II, and Section 1,
Article I of the Ohio Constitution.

It is from that judgment that the state has appeal-
ed to this court. It has filed three assignments of error
which may be combined into one, as follows:

The trial court erred as a matter of law in granting
appellee's motion to quash the affidavit.

We agree with the appellant.

The pertinent part of Section 1, Article II of the Ohio
Constitution, reads as follows:

"The legislative power of the state shall be vested in
a general assembly * * *."

The trial court concluded that by the enactment of R. C. 3704.01 *et seq.*, the General Assembly "delegated its discretion to make law to the director of Environmental Protection" and that these sections do not provide adequate standards to guide the director in the exercise of his discretion.

It is the general rule in Ohio that a legislative delegation of power to an administrative agency must be surrounded by standards sufficient to guide and restrict that agency in the exercise of the power conferred. *Matz v. J. L. Curtis Cartage Co.* (1937), 132 Ohio St. 271. The standards accompanying the delegation of power to the administrative agency must be such as to clearly delineate the policy which is to guide the agency in the exercise of its power. *State, ex rel. Selected Properties, Inc., v. Gottfried* (1955), 163 Ohio St. 469, 470. Such standards must be adequate to prevent arbitrary and capricious acts on the part of the administrator. *American Cancer Society, Inc., v. Dayton* (1953), 160 Ohio St. 114, 124.

The Director of Environmental Protection derives his authority to adopt regulations relating to ambient air quality and to emission of air contaminants from R. C. 3704.03 (D) and (E). The standards which the legislature has affixed to these sections are explicit, precise, and legally sufficient constraints upon the exercise of the power conferred.

R. C. 3704.03 states as follows:

"The director of environmental protection may:

"(A) Develop programs for the prevention, control, and abatement of air pollution * * *

"(D) Adopt, modify, and repeal regulations for the prevention, control, and abatement of air pollution from all sources throughout the state, prescribing ambient air quality standards for the state as a whole or for various areas of the state. In adopting, modifying, or repealing such regulations the director shall hear and give consideration to evidence relating to:

"(1) The character and degree of any injury to human health or welfare, plant or animal life, or property, or

any unreasonable interference with the comfortable enjoyment of life or property as the result of air pollution;

"(2) Conditions calculated to result from compliance with such standards and their relation to benefits to the people of the state to be derived from such compliance;

"(3) The quantity and characteristics of air contaminants and the frequency and duration of their presence in the ambient air;

"(4) Topography, prevailing wind directions and velocities, physical conditions, and other factors which may or may combine to affect air pollution.

"(E) Adopt, modify, and repeal regulations for the prevention, control, and abatement of air pollution, prescribing for the state as a whole or for various areas of the state emission standards for air contaminants, and other necessary regulations for the purpose of achieving and maintaining compliance with ambient air quality standards. In adopting, modifying, or repealing such regulations the director shall hear and give consideration to evidence relating to:

"(1) Conditions calculated to result from compliance with such regulations and their relation to benefits to the people of the state to be deprived from such compliance;

"(2) The quantity and characteristics of air contaminants, the frequency and duration of their presence in the ambient air, and the dispersion and dilution of such contaminants;

"(3) Topography, prevailing wind directions and velocities, physical conditions, and other factors which may combine to effect air pollution."

Further, R. C. 3704.04 provides that the adoption, modification and repeal of regulations under R. C. Chapter 3704 shall be in accordance with R. C. 119.01 to 119.13.

These sections specify that in adopting, amending, or repealing regulations, agencies shall: furnish at least thirty days public notice (R. C. 119.03[A]); furnish a synopsis of the proposed rule (Section 119.03[A][2]); and hold a public hearing, at which any person affected by the proposed rule may appear and be heard, or submit evidence

in writing, designed to show that the proposed rule would be unreasonable or unlawful, such evidence to become part of a stenographic record (Section 119.03[C]). Further, any person adversely affected by an order of an agency in adopting, amending, or rescinding a rule may appeal to the Court of Common Pleas of Franklin County on the ground that such agency action was procedurally defective or on the grounds that the rule was unreasonable or unlawful. If the moving party is sustained in his objections, the offending rule will be deemed invalid. (R. C. 119.11.)

Thus, R. C. Chapter 3704 establishes an interwoven statutory scheme in which the power of the director to adopt regulations is carefully circumscribed, both substantively and procedurally.

In our opinion, the delegations of R. C. 3704.01 *et seq.* satisfy the general rule that legislative standards are required in statutes conferring administrative discretion, and comply fully with Section 1, Article II of the Ohio Constitution.

The trial court held that the statutes conferring the power to regulate air pollution violate Section 1, Article I of the Ohio Constitution, which reads as follows:

"All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."

It is a well established rule of law that property is held subject to the general police power of the state. The principle that one may not so use his property in a manner which infringes upon the rights of others is one of the main foundations of the police power. *Marmet* v. *State* (1887), 45 Ohio St. 63; *C. A. King & Co.* v. *Horton* (1927), 116 Ohio St. 205; *State, ex rel Williams,* v. *Glander* (1947), 148 Ohio St. 188.

Neither state nor federal constitutional provisions protecting personal liberty and private property prohibit the regulation of constitutional guaranties in the interests of the health, safety or welfare of the people. *State* v. *Powell*

(1898), 58 Ohio St. 324; *Holsman* v. *Thomas* (1925), 112 Ohio St. 397.

In our opinion, the trial court incorrectly held R. C. Chapter 3704 in violation of Section 1, Article I of the Ohio Constitution.

The trial court also concluded that R. C. 3704.03(D) and (E) are in contravention of Section 26, Article II, which states, in pertinent part:

"All laws, of a general nature, shall have a uniform operation throughout the state * * *."

It has been held that the constitutional requirement of uniformity of operation does not prevent reasonable classification. *State, ex rel. Yople,* v. *Creamer* (1912), 85 Ohio St. 349; *Miller* v. *Korns* (1923), 107 Ohio St. 287; *State, ex rel. Outcalt,* v. *Guckenberger* (1938), 134 Ohio St. 457.

The Ohio Supreme Court in *State, ex rel. Bryant,* v. *Akron Met. Park Dist.* (1929), 120 Ohio St. 464, at page 478 said:

"In the complexity of our advancing civilization, in the wide differences in conditions in different localities in the same state, and in the ever changing conditions in a given locality, the Legislature has found it necessary to content itself with declaring the principles governing a general public purpose, and to confer upon existing local officials, or upon local boards to be created in a designated manner, the authority to provide, within definite limitations, rules and regulations to execute the general purpose expressed in the law itself. It does not argue against the completeness of the law that a given locality or district may or may not at its option avail itself of the provisions of the law. Statutes are sometimes peremptory and mandatory, and sometimes optional and permissive. One locality may have no need of governmental activity along a given line, while another locality in the same state may have an urgent need. That need must be ascertained and declared by means and methods prescribed by the law itself, which must be scrupulously followed. While the Legislature may not delegate to any other power the right to declare principles and standards, or general public policy, it

may delegate to other competent agencies the power to determine whether or not they will avail themselves of the privileges conferred, and also delegate to certain named executive or administrative agencies authority involving discretion in relation to the execution of the law.

"The Legislature having declared the governmental policy, and having fixed the legal principles which are to govern, an administrative agency may be given power to ascertain the facts and conditions to which the policies and principles apply."

In our opinion, R. C. 3704.03 (D) and (E) are laws of a general nature having a uniform operation throughout the state within the meaning of Section 26, Article II of the Ohio Constitution.

It must be kept in mind that the legality of the specific regulations of the Ohio Environmental Protection Agency dealing with "opening burning" are not the issue presented by this appeal, other than the fact that such regulations would indeed be illegal if sections of R. C. Chapter 3704 which authorize the promulgation of regulations concerning air pollution are unconstitutional. The sole issue raised by the judgment of the court below and the subsequent appeal of such judgment to this court is the constitutionality of R. C. Chapter 3704, and specifically R. C. 3704.03 (D) and (E).

For the reasons stated above, we conclude that R. C. Chapter 3704, and specifically sections 3704.03 (D) and (E), are not in violation of Section 26, Article II of the Ohio Constitution.

*Judgment reversed and cause remanded.*

HOFSTETTER, J., concurs.
JONES, P. J., not participating.