VILLAGE OF ROAMING SHORES, APPELLEE, *v.* MORGAN TOWNSHIP ET AL., APPELLANTS.

(No. 1118—Decided January 14, 1983.)

*Mr. William P. Bobulsky,* for appellee.

*Mr. Edward G. Ptaszek,* assistant county prosecutor, and *Mr. Louis A. Difabio,* for appellants.

COOK, J. This is an appeal from a judgment of the Court of Common Pleas of Ashtabula County, Probate Division, regarding the division of assets of Rome Township and Morgan Township with the village of Roaming Shores as a result of the incorporation of said village pursuant to R.C. Chapter 707.

In its division of assets, the trial court ordered:

"The Township of Rome shall continue furnishing fire fighting services to those areas of the Village of Roaming Shores that comprise a part of Rome Township on the same conditions it shall furnish fire fighting services to the balance of Rome Township. The costs of said services shall be met through levies under Sections 5705.19 and/or 5705.191 of the Ohio Revised Code to be submitted to all electors of Rome Township.

"The Township of Morgan shall continue furnishing fire fighting services to those areas of the Village of Roaming Shores that comprise a part of Morgan Township on the same conditions it shall furnish fire fighting services to the balance of Morgan Township. The costs of said services shall be met through levies under Sections 5705.19 and/or 5705.191 of the Ohio Revised Code to be submitted to all electors of Morgan Township.

"In the event that either portion of the Village of Roaming Shores decides to form its own fire fighting department, then the assets of said fire fighting department shall be distributed to the Village and Township at that time, based upon the proportion of total land value in each area at the time the election to separate is made."

Appellants have appealed the judgment of the trial court and have filed the following assignment of error:

"The Court erred to the prejudice of the Defendants-Appellants by going beyond the provision of Section 707.28 of the Ohio Revised Code by rendering judgment for the future division of certain properties of the Defendants-Appellants. Said statute provides for the division and [*sic*] assets owned by the township at the time of filing of a petition and does not authorize the division of assets obtained subsequent thereto except for those funds in the process of collection."

The assigned error is well-taken.

R.C. 707.28 provides:

"When a village or a city is incorporated from a portion of a township, or portions of more than one township, a

proper division of the real and personal property of such townships, and of the funds for township purposes which are in the treasury, or in the process of collection, of the townships from which the territory is taken, shall, upon application of the village or city treasurer to the probate court of the county in which the territory is situated, be determined and ordered transferred to such village or city, in the case of real or personal property, or, in the case of funds, paid to the village or city treasurer.

"In determining the portion of such real and personal property and funds to which the village or city is entitled, the indebtedness of each township shall be taken into consideration. Ten days' notice of a hearing shall be given by the treasurer of the applicant to the township clerk of each township whose property and funds are sought to be divided. The findings and orders of the probate court under this section shall be final."

The legislative intent of R.C. 707.28 is clear. When a village is created out of portions of more than one township, the real and personal property of such townships and the funds for township purposes which are in the treasury, or in the process of collection, of the townships from which the territory is taken are to be properly divided between the respective townships and the newly created village.

In *In re Village of Eastlake* (1950), 88 Ohio App. 25 [43 O.O. 393], the court, in paragraph five of the syllabus, held:

"A proceeding brought pursuant to Section 3544, General Code [now R.C. 707.28], is statutory, and the court may not go beyond the provisions of the statute in making its order."

In the *Eastlake* case, the probate court required Willoughby Township, from October 1, 1948 to January 1, 1950, to furnish the necessary labor and materials for the purpose of constructing and maintaining roads and highways within the village of Eastlake to the extent funds were available from moneys received from G.C. 5542-1 on the same basis as had been furnished prior to the court's order.

At page 30, the court said:

"There is no authority in law for the court to make such an order. This is a statutory proceeding, under Section 3544, General Code, and the court shall make a proper division of the real and personal property of the township, but may not go beyond the provisions of this statute."

In the instant cause, the trial court did not make a proper division of the assets of the township fire departments as required by R.C. 707.28. Instead, the court ordered appellants to continue furnishing fire fighting services to those areas of the village of Roaming Shores that are a part of the respective townships from funds derived from levies under R.C. 5705.19 and/or 5705.191. The court further ordered that if the village of Roaming Shores decided to form its own fire department in the future, then the assets of the township fire departments were to be divided with the village, "based upon the proportion of total land value in each area at the time the election to separate is made."

Such order by the trial court went beyond the provisions of R.C. 707.28. The instant cause must be remanded to the trial court to complete the proper division of appellants' fire fighting assets with appellee.

If the parties wish to continue the present fire fighting arrangements for the protection of the residents of appellee until, and, if the appellee elects to have its own fire department sometime in the future, they may proceed pursuant to R.C. 505.371 to establish a joint fire district or mutually agree to the joint purchase, maintenance, use, and operation of fire fighting equipment pursuant to R.C. 505.37.

In either instance, the present fire fighting assets, which are required to be divided in conformity with R.C. 707.28,

could continue to be utilized in the best interests of all parties.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed and*
*cause remanded.*

DAHLING, J., concurs.

HOFSTETTER, P.J., dissents.

HOFSTETTER, P.J., dissenting. I respectfully dissent from the majority opinion. It is my impression of the facts in this case that the village of Roaming Shores was incorporated from portions of Morgan and Rome Townships. To that extent, it appears that the territory within the municipality does *not* cease to be a component part of the township or townships within the limits of the corporation.

It appears further, from the limited record, that levies for fire fighting services for each of the townships were passed pursuant to R.C. 5705.19 and/or 5705.191. Thus, the residents of that portion of the village which remains a component part of Morgan Township are entitled to continue with the fire protection service of Morgan Township. Likewise, the residents of that portion of the village which remains a component part of Rome Township are entitled to the fire protection service of Rome Township.

To the extent that there is no evidence in the record that the respective portions of the village of Roaming Shores do not continue to be component parts of Morgan and Rome Townships, those village residents should continue to enjoy those services for which they have been taxed by levy by the township of which the residents remain a part. The above thinking is of long standing, as expressed in paragraphs two and three of the syllabus of *State, ex rel. Halsey,* v. *Ward* (1867), 17 Ohio St. 543, which provide, in pertinent part, as follows:

"Under the statutes, cities of the second class are provided with assessors and supervisors of highways of their own; hence, by implication, electors of such city are not entitled to vote for those officers as officers of the township.

"But in the offices of township trustees, clerk, treasurer, justices of the peace and constables, electors and taxpayers of the city have, in some or in all respects, a like interest with electors of the townships outside the city limits, and are entitled to a vote in the choice of them. * * *"

Thus, if it could be construed from the evidence that the village has provided fire protection facilities of its own (which, according to the judgment entry appealed, it has not), then, by implication, the fire protection facilities of the respective townships should be divided pursuant to R.C. 707.28.

Where, in the offices of township trustees, clerk, and treasurer, the electors and taxpayers of the village have in some or in all respects a like interest with the electors of the townships outside the village limits, they are entitled to a vote in the choice of them.

The majority relies strongly on *In re Village of Eastlake* (1950), 88 Ohio App. 25 [43 O.O. 393], in its holding that the fire fighting assets should have been divided now. This is incongruous when the realities of the situation would undoubtedly leave the village, as well as each township, with inadequate facilities to separately protect their needs. It is apparent, in the *Eastlake* situation, that the road funding available to the township properly should have been divided to enable the village to care for its own roads which were no longer a township function under the facts applicable to that case. In the instant case it is equally apparent that the fire levies of Morgan and Rome Townships were voted on by the residents thereof to provide for the fire fighting services of the residents of the two townships, including those residents who

now are included in the village of Roaming Shores which continues to be a component part of the two townships. The levies undoubtedly were for specific purposes at the time to enhance the fire fighting resources of the two townships. Any present division of those resources certainly could not have been in the contemplation of those residents who voted at the times the levies were passed. Thus, until the village of Roaming Shores specifically makes application for a division of the assets of the fire fighting services of the two townships, the probate court properly limited the division of the assets between the township and the village to those assets where the duties flowing from those assets are attributable, statutorily, to the townships and the village, as their governmental functions, separate and apart from their other functions. The function of fire protection, supported by levies for the benefit of all the residents of the two townships including those living within the village, leaves that division of assets to the time when the village makes application to the court for a division of that function after it decides to operate on its own in that regard.

I am unable to interpret R.C. 707.28 as a requirement that *all* property must be divided in each instance, when, as noted in *State, ex rel. Halsey, supra,* the electors and taxpayers of the village herein have, in some or in all respects, a like interest with electors of the townships outside the village limits, and are entitled to a vote in the choice of them.

I would, however, modify the closing paragraph of the order of the trial court as it concerns the future division of property, as follows:

"In the event that the Village of Roaming Shores decides to form its own fire department, then, upon proper application, the assets of each of the township fire fighting departments shall be divided at that time between the Village and the respective township of which each portion of the Village constitutes a component part, according to law."